JAMES M. REDDICK, Plaintiff in Error, v. WILLIAM GRESSMAN, Defendant in Error.

1. *Mortgagee, purchase by at his own sale, effect of.*—A mortgagee with power of sale is a trustee as well as a creditor, and cannot at his own sale become a purchaser, directly or indirectly, so as to cut off the equity of redemption. But such sale is good as to everybody and for all purposes, excepting only that the mortgagor has the right to pay the debt and redeem the land.

2. *Mortgage — Condition broken — Ejectment.*—The mortgagee, after condition broken, may maintain ejectment for the mortgaged land.

3. *Mortgage — Debt payable in installments — Non-payment of single note — Power to sell in case of.*—Where a debt in a mortgage is payable in installments, the condition is broken by non-payment of any one of them, and the mortgagee may thereupon enter or bring ejectment. And it is no defense to such a suit that all the installments are not due. The authorization contained in a mortgage, to sell only in event that "the said notes should not be well and truly paid," should be construed to mean in case they should not be paid as they respectively become due. And the mortgagee is not by such condition compelled to wait till the last note is dishonored before applying his remedy.

| | |
|---|---|
| 49 | 389 |
| 31a | 482 |
| 49 | 389 |
| 40a | 351 |
| 41a | 543 |
| 49 | 389 |
| 103 | 46 |
| 49 | 389 |
| 48a | 6 |
| 49 | 389 |
| 121 | 294 |
| 49 | 389 |
| 92a | ³ 77 |

*Error to Andrew Circuit Court.*

*H. S. Kelley*, for plaintiff in error.

Upon condition broken, the mortgagee may maintain ejectment for the possession of the mortgaged premises. (Tyler Eject. 169 ; Walcop *et al.* v. McKinney's Heirs, 10 Mo. 229 ; Sutton v. Mason, 38 Mo. 120 ; 2 Washb. Real Prop. 226.) When a mortgage is given to secure the payment when due of several promissory notes falling due at different times, it may be foreclosed upon default in payment of the note first due. (Hunt *et al.* v. Harding, 11 Ind. 245; The State Bank v. Tweedy, 8 Blackf. 447 ; Andrew v. Jones, 3 Blackf. 440 ; Smith *et al.* v. Shuler *et al.*, 12 Serg. & R. 240 ; 9 Mass. 258 ; 7 Mo. 448.)

*Strong & Chandler*, and *Sherman*, for defendant in error.

I. A mortgagee taking a conveyance with a power of sale is a trustee (Sugd. Vend. 890), and cannot without, and often can not with, the mortgagor's full knowledge and consent, become the purchaser of the property of the mortgagor so held by him. (Davoue v. Fanning, 2 Johns. Ch. 252 ; Michoud v. Girod, 4 How. 503 ; Gardner v. Ogden, 22 N. Y. 327; Thornton v. Irwin, 43 Mo. 153.) And if the mortgagee cannot, under a power of sale vested in him by the mortgage, acquire title as against the mortgagor, then at such sale the pretended foreclosure is a nullity as to the mortgagor. Hence the fee still remains in the mortgagor, and ejectment affirming title in the mortgagee cannot be maintained. (Van Slyke v. Shelden, 9 Barb. 278.)

II. The power of sale under the deed could be executed only in the event that " the sum of money specified in said notes and all the interest thereon " which may be due according to the tenor and effect of said notes, or some part thereof, remained unpaid after all of said sum became due and payable. By the very terms of said mortgage, the defendant in error (the mortgagor) could only avoid said mortgage and render it null by paying the sum of said notes and interest. The mortgagor was under no obligation to pay, nor was the mortgagee under any obligation to receive, the sum of said notes and interest thereon, until the said sum was

all due and payable; and said sum was not so due and payable until all the notes matured. And no title passes under a power of sale contained in a mortgage unless the conditions thereof are strictly construed. (4 Allen, Mass., 516; Roarty v. Mitchell, 7 Gray, 243; 14 Mo. 345; 36 Mo. 523; Richards v. Holmes, 18 How. 143.) In cases holding that a sale under a power given in a mortgage for an installment of a debt secured thereby, is valid and binding though the whole debt is not then due, there will almost invariably be found a clause or condition in the mortgage expressly authorizing a sale in case the debt, or any installment thereof, or the interest thereon, remains unpaid after such installment or such interest becomes due and payable, in order to pay off and satisfy such payable installment or interest. In a few cases also it will appear that such sales are expressly authorized by the statutes of the States where such decisions are rendered.

WAGNER, Judge, delivered the opinion of the court.

Substantially the case is this: Plaintiff sold to defendant a certain tract of land and executed a conveyance therefor; the purchase-money was due in installments, and a mortgage was made on the same land to secure the payment thereof. The mortgage contained a power of sale authorizing the creditor, or the sheriff at his request, to sell the premises to satisfy the debt.

The main point in this case rests for its determination upon the construction to be given to the condition in the mortgage, and it is as follows: "If the said Gressman, his executor or administrator, shall pay the sum of money specified in said notes and all the interest that may be due thereon, according to the tenor and effect of said notes, the conveyance shall be void; but if the said notes should not be well and truly paid when the same become due and payable according to the tenor and effect thereof, then this deed shall remain in full force, and the said Reddick or his legal representatives, or, at the request of the legal holder of said notes, the sheriff may proceed to sell the property," etc.

The first installments were not paid when they became due, and the plaintiff, still holding the notes, requested the sheriff to sell the property, which he did, and at the sale the plaintiff purchased

the land and received a deed for the same, and then brought this action in ejectment to recover possession. Upon the trial the court excluded the sheriff's deed upon the ground that he possessed no authority to sell; and in consequence of certain other rulings made, the plaintiff took a nonsuit with leave to move to set it aside, and after an unavailing motion to set the nonsuit aside, this writ of error was prosecuted.

To sustain the judgment of the court below, it is insisted that, as the plaintiff was a mortgagee with power to sell in himself, he was incompetent to buy and take as a purchaser, although the sale was made by the sheriff; and that no forfeiture accrued till the last notes became due and payment was refused. The plaintiff, had he exercised the power of sale given, would certainly have acted in the capacity of a trustee for the creditor; and admitting that the relation was not changed by the employment of the sheriff to make the sale, does it follow that the sale was wholly void and that the purchaser took no title? The doctrine is that a mortgagee with a power of sale is a trustee as well as a creditor, and that at his own sale he cannot become the purchaser either directly or indirectly, so as to cut off the equity of redemption. But such a sale is not entirely and absolutely void. It is good as to everybody and for all purposes, excepting only that the mortgagor still has the right to pay the debt and redeem the land. Such sales are never regarded as nullities, and with the exception above stated they are entirely good. (Allen v. Ransom, 44 Mo. 263 ; Thornton v. Irwin, 43 Mo. 153.)

That ejectment may be maintained by the mortgagee after condition broken, has long been the established law in this State. (Walcop v. McKinney, 10 Mo. 229 ; Sutton v. Mason, 38 Mo. 121.) And the law seems equally well settled that where a debt in a mortgage is payable in installments, the condition is broken by non-payment of the first installment, and the party may thereupon resort to his action of ejectment. Mr. Hilliard, in his treatise on the law of mortgages, says: "Under an ordinary mortgage of land for an aggregate debt payable in installments, the mortgagee, upon default in any payment, may enter or bring ejectment and retain possession of the whole, subject to an account

for the profits; because, the condition being indivisible, a failure to pay any part of the debt is in law a forfeiture." (2 Hill. Mortg., 2d ed., 164.) And again, "It was early held in Massachusetts that to an action upon a mortgage securing a note payable by installments, it is no defense that all the installments are not due. The court said that there was nothing in the objection, and that it had been repeatedly overruled." (*Id*. 166, citing Eastabrook v. Moulton, 9 Mass. 528; see also 2 Washb. Real Prop., 3d ed., 226.; Smith v. Shuler, 12 Serg. & R. 240; Buford v. Smith, 7 Mo. 489.)

But an attempt is made to evade the principles above announced on account of the phraseology used in the mortgage, which gives the power to sell only in the event that "the said notes should not be well and truly paid." And it is thence sought to draw the inference that no forfeiture could take place until all the notes become due and payable. But this construction is, I think, erroneous, and perverts the language employed. The mortgage, to secure the payment of the notes when they become due, must secure the payment of each note when it becomes due; that is, the payment of the notes when they respectively become due. Any other construction would be, that securing payment of notes falling due at different periods is securing payment of the last note when it becomes due, and all the rest after they become due. The fair and natural meaning undoubtedly is that the notes shall be paid as they become due, and such was the construction placed upon a like provision by the Indiana court in a case entirely parallel with this. (Hunt v. Harding, 11 Ind. 245.)

The result is, the judgment must be reversed and the cause remanded. Judge Bliss concurs. Judge Adams absent.