### ROBERT FISHER

*v.*

### GEORGE MILMINE *et al.*

1. MORTGAGE—*mistake in name of one of firm.* In ejectment the plaintiffs offered in evidence a mortgage to George Milmine and Edwin C. Bodman to secure a debt due to the firm of Milmine & Bodman, which was objected to, and thereupon the plaintiffs proved that the mortgage was given to secure a debt due to the firm consisting of the plaintiffs, and that the scrivener when drawing the mortgage asked the mortgagor the given name of Bodman and was understood to say it was Edwin C., and so the mortgage was drawn, his true name being Edward C., and it was delivered to the agent of the firm, and thereupon the court admitted the same in evidence: *Held,* that there was no error in this ruling.

2. SAME—*when condition is broken.* Where the condition of a mortgage, given to secure several notes maturing at different times, provides that if the mortgagor shall pay *all* said notes as the same shall become due, then the mortgage shall become null and void, a failure to pay any note when it falls due is a breach of the condition, and ejectment will lie upon the same by the mortgagee.

3. EJECTMENT—*outstanding title.* A mortgagor, when sued in ejectment, can not set up a prior mortgage by him to another as an outstanding title. He is estopped to allege that such mortgage is of force against the plaintiff.

APPEAL from the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. REED & BARRINGER, for the appellant.

Messrs. LODGE & HUSTON, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is ejectment, begun in August, 1874, by George Milmine and Edward C. Bodman, against Pinkard, who was tenant of Robert Fisher, the appellant. Afterwards Fisher was admitted to defend instead of Pinkard.

On the trial, plaintiffs relied upon a mortgage executed by Fisher, defendant, dated March 28, 1873, made to secure the payment of four promissory notes of that date, for $1000 each,

payable, respectively, in one, two, three and four years from date, to "Milmine & Bodman," by which Fisher purported to convey the property in question to George Milmine and Edwin C. Bodman, styled Milmine & Bodman, upon condition, to be void on the full payment of the notes.

Defendant objected to the mortgage going in evidence; when plaintiff proved that the mortgage was given to secure a debt of Fisher to the firm of Milmine & Bodman, consisting of *plaintiffs;* and that when the scrivener was about to draw the mortgage, Fisher was asked for the given names of the members of the firm, who were to be named as grantees, and Fisher was understood by the scrivener to reply that Bodman's name was Edwin C. Bodman, and so the mortgage was drawn, and, after execution, was put in the hands of the agent of plaintiffs. Thereupon the mortgage was permitted to be read in evidence.

This, appellant insists, was error. We think not. The mortgage was *delivered* to plaintiffs. The grantees are said in the mortgage to be the persons styled "Milmine & Bodman,"—the proof shows that the persons composing that firm were George Milmine and Edward C. Bodman, the plaintiffs. The only inference which can arise is that the conveyance of the land was to the plaintiffs, and invested them with the title, although one of them is called by a wrong name in the mortgage. *Board of Education* v. *Greenbaum,* 39 Ill. 609; *Pinkard* v. *Milmine et al.* 76 id. 453.

It is also contended that the failure to pay the first note was not such a breach of the condition as necessary to maintain the action. The condition is, "if said Charles Fisher shall pay *all* said notes * * * as the same shall become due, * * then these presents * * shall become null," etc., and it is insisted there can be no breach until all the notes fall due. This is a misconstruction of the condition. The mortgagor, to fulfil this condition, must pay each note as it falls due.

The prior mortgage to McPherson, as between these parties,

was not such an outstanding title as could defeat this action. There is nothing in the record showing that the defendant held under McPherson as his tenant. If this were otherwise appellant was estopped to allege that the McPherson title was of force as against plaintiffs.

The judgment must be affirmed.

*Judgment affirmed.*