### T. M. BRIDGES ET AL. *v.* J. M. BALLARD ET AL.

1. DEED OF TRUST. *Securing several promissory notes. Sale on maturity of one.*
   A deed of trust securing the payment of three promissory notes due at different times, severally, recites its purpose to be to secure "the prompt payment of the said notes at the maturity thereof," and authorizes the trustee, in case the grantors fail to pay "the amount of said notes on or before the maturity° thereof," to sell the land conveyed and out of the proceeds pay "the amount of said indebtedness." Under this deed the beneficiary has the right to enforce a sale of the land for the payment of one or more of the notes past due · and unpaid, without waiting for the maturity of all the notes.

2. SAME. *Reference to maturity of notes construed.*
   The words, "on or before the maturity thereof," as used in the deed of trust above quoted from with reference to the notes thereby secured, are equivalent to the words, "on or before the maturity of each of said notes."

3. SAME. *Securing several notes. Power to sue on maturity of each.*
   Where a deed of trust given to secure several promissory notes contains no stipulation against a foreclosure before all of the notes have matured, the rule is that the trust may be enforced to secure the payment of each note as it becomes due.

APPEAL from the Chancery Court of Clay County.

HON. F. A. CRITZ, Chancellor.

On the 9th of November, 1881, James Ballard and A. W. Ballard executed a deed of trust upon a certain tract of land to W. C. Bridges as trustee, to secure to T. M. Bridges the payment of three promissory notes of the same date, each for two hundred dollars, and due, one on the 1st of January, 1883, one on the 1st of January, 1884, and the other on the 1st of January, 1885. The deed of trust recites as the inducement thereto that "the parties of the first part (the grantors) are desirous of securing to the party of

the third part (T. M. Bridges) the prompt payment of the said notes at the maturity thereof," and the conveyance therein is declared to be upon the condition, " that if the said parties of the first part shall fail or refuse to pay to the said party of the third part the amount of said notes on or before the maturity thereof and all interest which shall accrue thereon and the cost and charges of this deed, then the said party of the second part (the trustee) shall sell " the land conveyed, or so much thereof as it may be necessary to sell, upon the terms and in the manner therein prescribed, and out of the proceeds of said sale the trustee shall " pay the costs and charges of this deed and of said sale and the amount of said indebtedness to said party of the third part and all interest due thereon."

On the 26th of November, 1884, T. M. Bridges and W. C. Bridges, the *cestui que trust* and trustee in the deed of trust above referred to, filed the bill in this cause against James Ballard and A. W. Ballard, the grantors in that deed, alleging that there is an unpaid balance due on the note of the defendants which matured on the 1st of January, 1883, and that the one which matured on the 1st of January, 1884, is wholly due and unpaid, and asking for a decree for the sale of the land conveyed by the deed of trust, or so much thereof as may be necessary for the purpose, to pay the amount due upon the two notes mentioned. The defendants demurred to the bill on the grounds (1) that the complainants had no right of action at the time of the filing of the bill, (2) that the bill was prematurely filed, and (3) that the power of the trustee to sell the land conveyed by the deed of trust is based upon a contingency which has not happened.

The demurrer was sustained, the bill dismissed, and an appeal taken by the complainants.

*White & Fox,* for the appellants.

The " recital " in the " premises " of the deed of trust (which Chief Justice Sharkey says is important to be considered) is in the following words, viz. :

" Whereas the said parties of the first part are *desirous* of securing to the parties of the third part the *prompt* payment of the said notes at the maturity thereof;"

" Now, therefore, in consideration of the premises," etc.

Here is the expressed intention of the mortgagors to secure to complainant, the mortgagee, the prompt payment of the three notes at maturity. This intention is recited in the " premises," and it is in *consideration* of these *premises* that the mortgage is given.

This expressed intention, the authorities say, is to govern.

But it was said by opposing counsel, and seemed to be the view entertained by the learned Chancellor in the court below, that the language employed in the deed in trust, " the prompt payment of the said notes at the maturity thereof," means the maturity of *all* the notes.

To this we reply, quoting the language of the Supreme Court of Missouri :

" The mortgage, to secure the payment of the notes when they become due, must secure the payment of *each* note when it becomes due—that is, the payment of the notes when they respectively become due. Any other construction would be that securing payment of notes falling due at different periods is securing payment of the *last* note when it becomes due and all the rest of the notes *after* they become due." See *Reddick* v. *Gressman,* 49 Mo. 389.

In the case of *Hunt* v. *Harding,* 11 Ind. 245, it was held that upon default in paying any note, a bill was maintainable to foreclose a mortgage, the condition of which was, "To secure the payment, when they become due, of five promissory notes of this date."

This case was cited and approved in the case of *Miller* v. *Remley,* 35 Ind. 539.

See, also, *Grattan* v. *Wiggins;* 23 Cal. 16 ; 2 Hilliard on Mortgages (second ed.) 164 ; Jones on Mortgages, §§ 1174 and 1459 ; *Richards* v. *Holmes,* 18 Howard 143 ; *Williams* v. *Cresswell,* 51 Miss. 817.

　　*G. R. Rasberry* and *L. F. Bradshaw,* for the appellees.

The trustee was empowered to sell upon " default of the payment of the *amount* of *the notes.*" " The *amount* of the notes " certainly meant the aggregate sum of the notes; otherwise the expression has no meaning. It could not be that the first installment of two hundred dollars was the amount of the notes, or of the second install-

ment, or any portion of the six hundred dollars; but the right of the trustee to sell arose from a certain emergency, viz. : the failure of the grantor to pay the *amount* of the notes at the maturity of the *notes.*

In the case of *McLean* v. *Presley*, 56 Ala. 215, the mortgagor's promise was to pay in installments, " and he agreed, if he failed ' to pay the said described promissory notes as they fall due,' then the said Presley was authorized to sell." The court held that on failure to pay either note the mortgagor was in default, which I think was right.

But the court held that " the rule would have been different if the power to take possession and sell had been made to depend on his failure to pay *all* of the notes." *McLean* v. *Presley's Adm'r*, 56 Ala. 215.

" The general rule is that in the absence of any agreement that the whole debt shall become due upon a failure to pay any installment of it, the mortgage cannot be foreclosed in equity until the last installment has become due." 2 Jones on Mortgages, § 1179, 214.

Where there are several notes, and the mortgage provides that a foreclosure shall not be had until the last note matures, no judgment can be recovered until the last note is due. Ib., § 1184, and see Ib., §§ 1180–84.

CAMPBELL, C. J., delivered the opinion of the court.

The suit was not prematurely brought. The indebtedness secured by the deed of trust was six hundred dollars, evidenced by three promissory notes maturing at different times. The power to sell conferred on the trustee was to be exerted if there was failure to pay the amount of said notes on or before the maturity thereof. The true interpretation of this is, that if the several notes were not paid as they became due a sale might be made. It is competent for the parties to a mortgage or deed of trust to stipulate that foreclosure shall not occur until all of several notes secured by it shall be due, and such stipulation will be regarded by the courts; but in the absence of a provision against the right of the creditor to foreclose

as each installment becomes due, it will not be held to have been renounced.

The expressed object of the deed of trust was to secure "the prompt payment of the said notes at the maturity thereof." This means of each note as it matures. The phrase, "amount of said notes," does not negative the right of the payee to resort to the security given for their payment. There is no exclusion of the right to enforce the security for each note as it matures.

The Supreme Court of Missouri held that a mortgage which gave the power to sell in the event that "the said notes should not be well and truly paid" secured the payment of each note as it became due, and said: "Any other construction would be that securing payment of notes falling due at different periods is securing payment of the last note when it becomes due and all the rest after they become due." *Reddick* v. *Gressman*, 49 Mo. 389. To the same effect is *Hunt* v. *Harding*, 11 Ind. 245.

According to the two cases cited, the expression, "on or before the maturity thereof," used in this deed of trust is the equivalent of "on or before the maturity of each of said notes."

*Decree reversed, demurrer overruled, and cause remanded for an answer within thirty days after the mandate herein shall be filed in the court below.*