R. W. PFENINGHAUSEN, Appellant, v. JAMES W. SHEARER, Respondent.

St. Louis Court of Appeals, February 25, 1896.

1. **Mortgages:** CONDITION FOR PAYMENT OF SEVERAL NOTES: BREACH BY NONPAYMENT OF ONE OF THE NOTES. When a mortgage is upon the condition that several notes secured by it shall be paid, the condition is broken by the nonpayment of any one of the notes.

2. ———: INDEPENDENT COVENANTS. Simultaneously with the execution of a mortgage, the parties thereto entered into an agreement whereby the maturity of the mortgage debt was extended in a certain contingency, and whereby the mortgagee further assumed and agreed to pay a designated indebtedness due to a third person. *Held*, that the latter agreement for the payment of said debt was an independent covenant, and that the failure of the mortgagee to perform it could, therefore, not be invoked as a defense to an action for the foreclosure of the mortgage.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED AND REMANDED.

*A. H. Livingston* and *H. D. Green* for appellant.

*Olden & Orr, John C. Orrick,* and *Allen C. Orrick* for respondent.

BOND, J.—The petition alleges that defendant on the twenty-seventh of September, 1892, executed a mortgage to plaintiff to secure ten promissory notes of

said date, the first for $461, due on September 27, 1893, the second for $500, due September 27, 1895, and the remainder for $500 each due at intervals of one year, the last one falling due September 27, 1904, and bearing interest at the rate of six per cent per annum from date. The mortgage embraced a fruit farm in Howell county, Missouri, and was conditioned, to wit: "That, if the said James W. Shearer shall pay said notes and reimburse said Richard W. Pfeninghausen for any amount he may have spent as taxes, insurance and interest thereon, then this conveyance is to be null and void." The petition averred a breach of this condition, and prayed judgment for the amount of the first note, and interest due on all the notes, and a foreclosure of the mortgage by sale of enough of the land conveyed to pay said sums. Defendant answered admitting the execution of the notes and mortgage, and pleading the following contract:

"I, Richard W. Pfeninghausen, hereby agree with James W. Shearer that, in case the net proceeds of the fruit farm near Mountain View, Howell county, Missouri, which I have this day deeded to said James W. Shearer, from any special disaster, such as the partial failure of a crop, etc., will not meet the payment of any particular year according to notes given this day, I will not demand payment in full of said notes, but accept the net proceeds of said farm and stock and give credit for the same on said note for a particular year, and permit the balance to stand over to the next year, and be added to the note due the next year, provided good intent is shown and a purpose to properly care for the farm and property.

"I also further agree and assume to pay at once a mortgage of $500 due the estate of Sarah Hulst, April 1, 1892, with interest of $77 due thereon up to October 15 (about) at ten per cent per annum as stated. Said

mortgage is on the southwest one fourth of the southwest one fourth of section 27, township 15, range 29, in Volusia county, deeded to me this day by said James W. Shearer.

"R. W. PFENINGHAUSEN.

"BIRMINGHAM, ALA., Sept. 27, 1892."

Defendant further answered that plaintiff had not paid the $500 note and interest referred to in said contract, and that each year since the giving of said notes there had been a failure of crops on the farm mortgaged, so that defendant had realized nothing therefrom, whereby he claimed plaintiff was not entitled to the relief sought in this action.

Plaintiff replied that the contract set up in the answer was not his act.

Courts of law and equity exercise concurrent jurisdiction in the foreclosure of mortgages. *Hannah v. Davis*, 112 Mo. 608. This cause was tried by the court sitting as a jury. The only evidence adduced bore upon the issues as to the execution of the contract set up in the answer and the time of its execution. For plaintiff the evidence on these points tended to show that a contract verbally different from the one pleaded was made by plaintiff on the evening of the day when the parties hereto made the exchange of lands referred to in said contract. For defendant there was evidence that the contract was made as it appears *supra*, and was entered into on the evening of the twenty-seventh of September, 1892, to define the rights of the parties under the mortgage. The court refused a declaration of law to the effect that the plaintiff was entitled to recover under the pleadings and evidence, and found for defendant. From a judgment rendered in accordance plaintiff appeals to this court.

This judgment can not be sustained. Under the condition expressed in the mortgage defendant was

bound to pay the notes secured therein as they matured. No intention to the contrary was expressed in the instrument, and the language therein, avoiding the mortgage "if the said James W. Shearer shall pay said notes and reimburse said Richard W. Pfeninghausen for any amount he may have spent as taxes, insurance and interest thereon," necessarily made the mortgage enforcible, either for nonpayment of the notes or failure to reimburse these outlays. This agreement to pay the notes was necessarily, in the absence of any words of a different import, tantamount to an agreement to pay them as they matured. Hence it was broken upon the failure to pay any one of them. *Fisher v. Milmine*, 94 Ill. 328. Since plaintiff's right to a foreclosure under the terms of the mortgage accrued on the nonpayment of the first note, the only question is whether this right was defeated or postponed by the terms of the contract and the other matters set up in the answer.

Waiving the question as to the sufficiency of the consideration of said contract, and looking only to its terms, it is apparent there is nothing in the obligations therein assumed by plaintiff to prevent the present action. First, as to the agreement therein by plaintiff to pay the Hulst estate $500 and interest to October 15. This covenant was clearly independent of the covenant of defendant to pay the notes secured in the mortgage. The representative of the Hulst estate might have enforced the former covenant independently of the performance by defendant of his obligation as mortgagor. Likewise plaintiff was entitled to enforce the payment of the mortgage debt irrespective of the performance by plaintiff of the covenant to pay the Hulst estate. It is only when one covenant is the consideration of another, that the latter can be termed a dependent covenant. The only way the defendant in

this case could have enforced the covenant of plaintiff for the payment of $500, and interest, to the Hulst estate was by first making this payment himself and afterward suing plaintiff for reimbursement. It is obvious, therefore, that plaintiff's covenant was not directly to defendant, and also that plaintiff might not have been called on to perform it until after a breach by defendant of his obligation under the mortgage to pay the notes therein secured. In that event, there was no dependence between the covenant of plaintiff to the Hulst estate and the covenant of defendant under the mortgage. *Burris v. Schrewsbury Park*, 55 Mo. App. 381. Hence, there was no merit in the defense set up in the answer that plaintiff had not paid $500, and the interest to October 15, to the Hulst estate at the time of the bringing of this suit.

The next defense set up in the answer is that there was a failure of crops, whereby defendant received nothing from the farm or stock up to the time of the bringing of this suit, wherefore plaintiff was bound under the above contract to refrain from collecting the present note. Not a particle of evidence was adduced by defendant tending to show that there had been any failure in the yield of the farm or stock up to the time of the bringing of this suit. This averment in his answer was, therefore, wholly unsupported by the proof. If the agreement, made by plaintiff in the contract pleaded by defendant, to accept the net proceeds of the farm and stock in payment of the notes was available at all by defendant, it could only have been so upon proof of a deficiency in the products of the farm and stock to pay the note in suit, and could, of course, have been set up only as against so much of the note as was left unpaid after the application thereto of whatever had been realized on the farm and from the stock prior to the maturity of the note. As no

evidence whatever was offered tending to support such a defense, the court can not presume its existence in favor of defendant. It was not the duty of plaintiff to negative such defense. The above contract, if enforcible at all, shows by its terms and the circumstances of its execution that it was entered into for the exclusive benefit of the defendant. It further recites that its benefits should not accrue to defendant, except upon a showing by him of "good intent" and proper care for the farm and property. Hence, it could not have been otherwise than his duty to show affirmatively a state of facts bringing him within the protection of the stipulations of the contract. This was not done.

Our conclusion is, therefore, that there was no merit in the defenses set up in the answer, and, as the judgment rendered by the court was unsustained by the facts and contrary to the law, it will be reversed and the cause remanded. It is so ordered. All the judges concur.