W. W. Moore, Respondent, v. G. G. Ryan, Appellant.

Kansas City Court of Appeals, June 13, 1888.

1. Mortgageor and Mortgagee—Rights of Respectively After Condition Broken.—After condition broken, the mortgagee becomes entitled to the possession of the mortgaged property. Until foreclosure, pursuant to the provisions of the mortgage, the mortgageor has an equity of redemption. But if the mortgagee shall proceed to a foreclosure, he does so for the purpose of realizing his debt, and when he has done this, it is the accomplishing of the main purpose and office of the mortgage. And where the mortgage covers several parcels of property, each parcel should be sold separately, and the moment he has realized enough to pay the debt and charges, he should stop the sale. He then becomes a trustee of the remaining property for the benefit of the mortgageor, and his refusal to surrender it is tortious, and is subject to action of replevin or trover, according to the fact.

2. Replevin—Defence Available In.—The defendant in replevin must defend upon the specific ground taken by him when demand for possession was made and the trial had.

3. Mortgage—Foreclosure of—Purchase of Property by Mortgagee.—Where the mortgagee purchased at his own sale, as in this case, it left the right of the mortgageor to redeem unforeclosed. Such a sale, though not void, is voidable, at the election of the mortgageor, by paying off the mortgage debt. But if, after having knowledge of such sale and purchase by the mortgagee, the mortgageor acquiesced therein, he could not call on a court of equity to aid him in setting aside such sale.

Appeal from Barton Circuit Court, Hon. D. P. Stratton, Judge.

*Affirmed.*

Statement of case by the court

This is an action of replevin for the recovery of the possession of a cow. The controversy grew out of the following state of facts: On the eighteenth of June, 1885, the plaintiff executed to defendant his chattel mortgage on the cow in question, and on a team of

horses, to indemnify the defendant as surety for plaintiff on a certain note of that date to one C. H. Pool. The note was for one hundred and twenty-five dollars, and became due on the eighteenth day of December, 1885. The mortgage is somewhat peculiar in its provisions, viewed as one of indemnity from the principal debtor to his surety, as it is framed to justify a foreclosure by the mortgagee on the maturity of the note, without the surety having satisfied the same.

Some time before the maturity of the note, the plaintiff delivered up to the defendant the two horses, as he (plaintiff) was going out west to remain for a season, with the statement that they were thin, and the defendant could use them for the keeping, and he would be the better secured. The mortgage was not recorded. The cow was left in the plaintiff's possession, and his family continued to milk her during plaintiff's absence. While the plaintiff was thus absent, about the first of February, 1886, the defendant advertised said property for sale under said mortgage. He claims that the cow was in view on the street at the time of the sale. He first put up the horses and sold them. They were knocked off to a third party at the sum of one hundred and thirty dollars, the purchaser, in fact, bidding in the horses for the defendant. The cow was then sold, and bid in by the defendant at the sum of twenty dollars. The cow remained, as theretofore, in the possession of plaintiff's family.

The plaintiff returned home about the thirteenth of February, 1886. His evidence tended to show that when he first came home he did not know of the sale made by defendant; that defendant applied to him for some money, stating that it was needed to pay the interest on the note; that he let defendant have ten dollars, one-half of which was to pay such interest, and the other half to go to his mill account with defendant; that shortly afterwards defendant again applied to him for money, and he let him have fifteen dollars, five of which was for interest.

Defendant, in his testimony, wholly denied this payment of interest by plaintiff, though he admitted that plaintiff promised to raise the money to redeem the property, while plaintiff claimed that he did not propose to redeem the horses, but only the cow.

The defendant did not pay off the note to Pool until in April, 1886. The cow remained in plaintiff's possession until the following June, when she had a calf out in a pasture, when defendant claimed the right to hold her, and took her into possession, and plaintiff brought this action in a justice's court. While the case was pending there, defendant sold the horses to a third party. The case was tried before the court without a jury. Verdict and judgment for plaintiff. Defendant has appealed.

THURMAN & WRAY and ROBINSON & BOWLING, for the appellant.

I. After condition in a chattel mortgage is broken, and possession of the property taken by the mortgagee, the mortgageor cannot maintain replevin unless the mortgagee has accepted payment of the debt secured by the mortgage. *Williams v. Rorer*, 7 Mo. 556; *Robertson v. Campbell*, 8 Mo. 616; *Sexton v. Monks*, 16 Mo. 156; *Lacy v. Giboney*, 36 Mo. 320; *Barnett v. Timberlake*, 57 Mo 501; *State ex rel. v. Adams*, 76 Mo. 612; *Beckham v. Tootle*, 19 Mo. App. 596; *State to use v. Carroll*, 24 Mo. App. 361; *Jackson v. Cunningham*, 28 Mo. App. 354; Jones on Chat. Mort., secs. 454, 634, 636; 4 Kent's Comm. 138.

II. The chattel mortgage read in evidence and the testimony showing that defendant had not paid the Pool note when due, placed the title to the property in question, with the right to possession in plaintiff, as shown by authorities cited above. Respondent having failed to show payment of debt, interest, "costs," "charges," and "expenses," he could not maintain an action in equity, much less at law for the recovery of this property.

III. The first instruction given at the instance of plaintiff is clearly erroneous. The ownership and right to possession of the property was in defendant. Again there was no evidence upon which to base the instruction; the amount of interest or data from which it could be ascertained is wanting. There was no evidence of "costs," "charges," and "expenses" required to be paid by the mortgagee before applying the proceeds of sale in payment of debt and interest.

IV. The instruction number one asked by defendant should have been given.

V Upon defendant's theory the sixth instruction asked by defendant should have been given. It is clear that the intention of defendant in purchasing the property was to hold the same for plaintiff as mortgagee, and plaintiff fully recognized and ratified his act in so doing by agreeing to pay the debt, etc. After being informed by defendant what he had done, and as plaintiff testified, he paid the interest on this debt long after sale and notice of all the facts.

VI. The burden of proof to show a right of possession is on plaintiff. Wells on Replevin, sec. 697. In this plaintiff has wholly failed.

BULER & TIMMONDS, for the respondent.

I. A sale of part of the mortgaged property by virtue of a power contained in the mortgage for a sum sufficient to pay the mortgage debt with costs and expenses, extinguishes the mortgagee's title to the chattels remaining unsold and the power of sale becomes *ipso facto*, void. Jones on Chat. Mort. [2 Ed.] sec. 798 ; *Charter v. Stephens*, 3 Denio [N. Y.] 33.

II. In this case there was no evidence that there were any costs, charges, or expenses. Defendant himself wrote and put up the sale notices and made the sale. If he had any claim for charges, or expenses, it was his duty to so state to plaintiff and show that fact in his defence. 1 Greenl. Evid. [Redfield's Ed.] sec. 79 ; Starkie on Evid. [9 Ed.] s. p. 589 ; *Smith v. Crews*, 2

Mo. App. 269; 3 Parsons on Contracts [6 Ed.] s. p. 244; *Boardman v. Still*, 1 Camp. 410; Wells on Replevin, sec. 381.

III. The declaration of law given by the court at the instance of the plaintiff properly ignored the question of costs, charges and expenses, because there was no evidence upon which to base a declaration embracing those items. *Matthews v. Elevator Co.*, 59 Mo. 474; *Newcomb v. Blakely*, 1 Mo. App. 289; *Russell & Co. v. Ins. Co.*, 55 Mo. 594.

IV. If it be conceded that as an abstract proposition of law the declaration should have gone further and required a finding that the sum realized on the sale of the horses was sufficient to pay costs and expenses as well as debt and interest, still in this case it is wholly immaterial, as it does cover the only question really in controversy between the parties, and the trial being before the court, the omission, if it was an omission, is at all events not a reversible error. *Stone v. Spencer*, 77 Mo. 361; *Cooper v. Ord*, 60 Mo. 431.

V. The case was tried upon the theory that the only claim that the defendant had or asserted against the mortgaged property was the debt and interest expressed in the note and that the only question in controversy was whether, after selling the horses for a sum sufficient to pay his claim, he (the mortgagee) could proceed to sell the other property not necessary for this purpose. The question in regard to costs and expenses of sale not having been raised in the trial court, it is too late for appellant to raise it now. He cannot try his case on one theory in the circuit court and another and totally different one in the appellate court. *Bettes v. Magoon*, 85 Mo. 580; *Bray v. Seligman*, 75 Mo. 31, 40.

VI. The position contended for by appellant amounts to this: That one man may execute a chattel mortgage to another on property consisting of numerous separate articles, each article of a value equal to the debt secured, and upon default and sale, the first article sold may bring more than enough to pay the entire debt

and all expenses, yet the mortgagee may go on selling till all are sold merely for the purpose of getting the proceeds of the mortgageor's property into his hands, and then paying the money over to him. This is contrary to reason, as well as to law and justice. *Hungate v. Reynolds*, 72 Ill. 425; *Stromberg, v. Lindburg*, 25 Minn. 531; Jones on Chat. Mort., sec. 797. The construction contended for by respondent is the one generally acted upon in practice. The present form of mortgages with power of sale was, we apprehend, but little used at the time the older decisions were rendered in this state in regard to the effect of default on the ownership of the property. The one in controversy in this case constitutes a contract which, we submit, clearly means that it shall be enforced in the manner specified, if at all, and though it may not preclude any other manner of foreclosure, still, as held in *Charter v. Stevens*, 3 Denio, 33, having elected to proceed in that manner, the mortgagee is bound to go according to the obvious meaning and intent of the instrument. That case was almost precisely like the one at bar. The language of the clause authorizing sale, etc., is almost precisely the same. We submit that it ought to be the law of this case. The fact that such has been the settled practice ever since these mortgages have been in use, probably accounts for what might otherwise seem remarkable, that there has been no case involving the point presented in this case yet passed upon by the appellate courts of this state, at least, so far as we are aware. We are not contending against the doctrine of any of the authorities cited by appellant's counsel, but simply for a decision by this court which will, in effect, recognize and sanction a long and well-established construction by the business public of a most extensive and important class of contracts

PHILIPS, P. J.—I. After condition broken the defendant became entitled to the possession of the mortgaged property, as he was then the legal owner. Until

foreclosure, pursuant to the provisions of the mortgage, the plaintiff had an equity of redemption. And while so long as the mortgagee holds the property under the forfeiture, the mortgageor cannot retake it without paying the mortgage debt, yet if the mortgagee shall proceed to a foreclosure under the provisions of the deed, he does so for the purpose of realizing his debt; and when he has thus recovered the amount of his debt, that is the accomplishing of the main purpose and office of the mortgage. These are now well-settled principles of the law of chattel mortgages.

II.   It would seem to follow as a necessary corollary from these postulates, that where the mortgage covers several parcels of property, and the mortgagee proceeds to foreclose and sell, by selling each parcel separately, the moment he has realized enough to satisfy the debt and charges he should stop the sale; and his title to the residue of the mortgaged property is then extinguished. He then becomes a trustee of the remaining property for the benefit of the mortgageor; and his refusal to surrender to the mortgageor the property, not necessary to be sold to make the debt, is tortious, and would invite the action of replevin or trover, according to the fact. *Charter v. Stevens*, 3 Denio, 33; Jones Chat. Mort., sec. 798.

III.   Giving the defendant the benefit of every reasonable doubt arising on the proofs, the aggregate amount of principal and interest due on the note at the time of the sale was not over $126.80. The horses were first sold, and brought one hundred and thirty dollars. This was $3.20 more than the amount of the debt. This, therefore, released the cow from the operation of the mortgage; and she then being in the possession of the mortgageor, nothing remained to be done to restore his legal title. The defendant, in order to escape the legal effect of this state of facts, contends, first, that he was entitled to have deducted from the one hundred and thirty dollars the expense of such sale. There was, however, no evidence of any expense attending the sale.

The defendant wrote the notices of sale, and put them up in person, and he also cried the sale. At the trial he made no claim on this account, and offered no proof of any expenditure of money, or of the value of his services. It was not the duty of the plaintiff, in the first instance, in making out a *prima-facie* case, to make the defendant a voluntary offer of compensation for his voluntary services ; and if the defendant had or intended to make, any such claim he should have asserted it at the trial, and tendered proof. The amount of such expenses and charges was a matter peculiarly within his knowledge, and is not presumed to be within the knowledge of the plaintiff. In such case the burden of proof rests upon the defendant. His silence at the trial, when he should have spoken, justifies the conclusion that he made no such claim. He placed his defence for witholding from plaintiff the cow upon no such claim ; and upon well-settled principles of law he must defend in this form of action upon the specific ground taken by him when demand for possession was made and the trial had. Wells on Replevin, sec. 381 ; *Boardman v. Sill*, 1 Camp. 410.

He now insists further, that he is entitled to have his commission of two per cent. for selling the property, as provided in section 3318, Revised Statutes. Waiving any discussion of the question, as to whether this statute has any application to the instance of a mortgagee, under a chattel mortgage with power of sale, who conducts his own sale for his own benefit, what has just been said respecting the matter of other expense, is equally applicable to this. And, furthermore, if the commission of two per cent. were allowed him, it would amount to only $2.60, still leaving in his hands $1.20 after satisfying the mortgage.

IV. Though not clearly expressed, and little urged at this bar, an instruction, asked by defendant and refused by the court, suggests the idea that, after the foreclosure sale there was an agreement between the parties, by which the defendant consented that plaintiff

might yet redeem the property, and that if he failed to do so, the verdict should be for the defendant. While not suggested by counsel, the mortgagee having purchased at his own sale, left the right of the mortgageor to redeem unforeclosed. Such a sale, though not void, is voidable at the election of the mortgageor, by paying off the mortgage debt. *Allen v. Ransom*, 44 Mo. 263 ; *Reddick v. Gressmore*, 49 Mo. 389. If, after having knowledge of such sale and purchase by the mortgagee, the mortgageor acquiesced therein, he could not call on a court of equity to aid him in setting aside such sale. *Medesker v. Swaney*, 45 Mo. 273. It may be conceded to defendant, that, even after the foreclosure proceedings, it was competent for the mortgagee, by parol agreement, to waive or open up the foreclosure, and reinstate the mortgage for the purpose of redemption. *Phelps v. Hendrick*, 105 Mass. 107. Such waivers presumably and ordinarily are matters for the mortgageor to insist upon, as it is alone for his benefit ; whereas the mortgagee assumes in this instance the remarkable attitude of insisting that his own foreclosure was waived, and that the mortgageor is entitled to redeem. And yet at the trial he stoutly denied that any part of the money paid him by the plaintiff, after his return home, was on account of interest on the note. He cannot complain if the court should accept his evidence, in this respect, as true.

Without reviewing the evidence in detail, which, properly understood, does not sustain defendant's contention, the fact that defendant, as soon as this action was brought in the justice's court, disposed of the horses at private sale as his absolute property, without any further foreclosure sale, shows conclusively that he did not regard the first sale as abandoned, and the foreclosure reopened. He must accept the logical result of his own action, which in this case speaks louder than words.

On the merits the verdict and judgment were for the right party, and in our opinion should not be disturbed. The other judges concurring, the judgment is affirmed.