Moore v. Thompson.

---

THOMAS M. MOORE, Respondent, v. T. M. THOMPSON,
Appellant.

Kansas City Court of Appeals, March 31, 1890.

1.  **Chattel Mortgages:** MORTGAGEE PURCHASING AT HIS OWN SALE.
The mortgagee cannot legally become a purchaser at his own sale,
unless authorized or consented to by the parties in interest, and
this, without regard to the *bona fides* of the sale or the fairness of
the price, as the rule is intended not to remedy actual wrong but to
prevent the possibility of it.

2.  ———: ———: EQUITY OF REDEMPTION: SECOND MORTGAGEE.   The
surplus of the mortgaged chattels left after paying a first mortgage
is pledged to secure the debt of a second mortgage, and is the

property of the second mortgagee and not of the mortgagor, so that the latter's consent to the first mortgagee's purchasing at his own sale cannot cut off the right of the second mortgagee to redeem.

3. ———: EQUITY: CONVERSION: REMEDY. When a court of equity has established the right to redeem, but the mortgagee has consumed or disposed of the property, so that it cannot be redeemed in kind, it may enter a personal decree against the mortgagee for the excess of the value of the property over the amount found due on the mortgage.

*Appeal from the Clay Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*Jno. W. Coots* and *Jas. F. Mister*, for the appellant.

(1) Upon the finding of the facts, as made by the court in this cause, the judgment, under the law, must have been for the defendant. (2) It was not only competent to sell the property "in a lump," but under the circumstances of this case it was incumbent on Thompson to do it. The manner of the sale was according to the request of the owner of the property. The preponderance of evidence shows that the price obtained at the sale was a fair, if not a full, price. The only party entitled to complain of it—the mortgagors—are not only satisfied with it, but directed it at the time, and accepted the results of it; and respondent has been and is in no way prejudiced by it. *Binkendorf v. Vincenz,* 52 Mo. 441; *Chase v. Williams,* 74 Mo. 434–437; *Kelly v. Hurt,* 74 Mo. 572; *Mossman v. Bender,* 80 Mo. 585; *Woodlee v. Burch,* 43 Mo. 231–234; *Simrall v. Chaffin,* 48 Mo. 466; *Goode v. Comfort,* 39 Mo. 328. (3) Respondent neither offered to pay the prior mortgage debt before sale, nor to reimburse the purchase money paid for the property after sale; but practically refused to do either. *Norton v. Highleyman,* 88 Mo. 624. (4) Thompson cannot be held liable to Moore as trustee

in this case, because it appears in evidence that the property sold did not pass into the hands of an innocent purchaser beyond the reach of Moore's mortgage, but was in the hands of Henson at the filing of suit, and at the time of trial. *Rutherford v. Williams*, 42 Mo. 34. Moore's remedy should have been replevin for the mules. *Christie v. Scott*, 31 Mo. App. 431; *Moore v. Ryan*, 31 Mo. App. 474; *McCandless v. Moore*, 50 Mo. 511. When there is an adequate and complete remedy at law a court of equity will not interpose. *Janney v. Spedden*, 38 Mo. 395. (5) The court erred in treating the sale of the mules under Thompson's mortgage, as void, merely because Thompson bought in the property at his own sale, or because the property was sold in a lump. *Haeussler v. Glass Co.*, 52 Mo. 452. The mortgagee in a chattel mortgage, after default made, or condition broken, is entitled to the possession of the property. *Woodlee v. Burch*, 43 Mo. 231–234; *Barnett v. Timberlake*, 57 Mo. 499. And Moore could not compel Thompson to permit him to redeem. *How v. Graham*, 21 Mo. 163; *Mullanphy v. Simpson*, 3 Mo. 492. (6) The petition of plaintiff does not state facts sufficient to constitute a cause of action against Thompson, and Moore is not entitled to the relief asked, because it appears from the petition that Moore is a second mortgagee; and that the sale under mortgage was void; and that Hensons, the mortgagors, still have the mules in possession, as owners, and it does not appear that the mules were ever (or are now) out of reach of Moore's second mortgage. (7) A judgment which has no substantial evidence to support it will be reversed on appeal. *Lionberger v. Pohlman*, 16 Mo. App. 392.

*A. D. Burnes, Jas. W. Coburn*, for the respondent.

(1) The second mortgagee stands in the place of the mortgagor as to redemption. Jones Chat. Mort. [2 Ed.] sec. 797, p. 654. (2) Mortgagee should sell each

parcel separately, and, after realizing enough to satisfy his mortgage, is a trustee for the balance.    Jones Chat. Mort. [2 Ed.] secs. 797, 798, p. 655; *Moore v. Ryan*, 31 Mo. App. 480; *Baker v. Halligan*, 75 Mo. 435.    (3) Mortgagee cannot become the purchaser at his own sale. *Moore v. Ryan*, 31 Mo. App. 482; *Allen v. Ranson*, 44 Mo. 263; *Reddick v. Gressmore*, 49 Mo. 389.    (4) When the mortgagee has consumed or disposed of the property, so that it cannot be redeemed in kind, the court may enter a personal decree against him for the excess of the value of the property over the amount found due him on the mortgage.    Jones Chat. Mort. [2 Ed.] sec. 712, p. 586.    (5)   Replevin is not the proper remedy in this case.    *Haeussler v. Glass Co.*, 52 Mo. 452. Neither is a suit to set aside the sale.    *Moore v. Ryan*, 31 Mo. App. 482; *Medesker v. Swaney*, 45 Mo. 273. (6)   The surplus belonged to the second mortgagee. *Schepplemann v. Feurth*, 87 Mo. 351; *Johnson v. Wilson*, 77 Mo. 639; *Orrick v. Durham*, 79 Mo. 174.

GILL, J.—This is a suit by the holder of a second mortgage against the first mortgagee, wherein the former seeks to charge the latter ( to the extent of the former's debt against the mortgagor) by reason of an alleged misappropriation of the mortgaged goods by the defendant, first mortgagee.    The cause was tried before the court, and the judge trying the same made a written finding of the facts coupled with the court's views as to the law of the case ; and which, for the purpose of a brief and clear statement of the facts shown by the evidence, as well as the law governing the case, we here quote entire :

"Edgar Henson and George Henson executed two chattel mortgages—one to defendant, dated March 5, 1883, the other to plaintiff, dated November 15, 1888. Both mortgages were regular and were duly recorded. The defendant advertised the mortgaged property for

sale March 4, 1889, the day on which the plaintiff's debt matured, and on that day sold four mules together for two hundred and fifty-five dollars. The defendant bid off the four mules at his own sale. His debt at that time amounted to one hundred and two dollars. He paid the excess over to the constable who cried the sale, and the constable paid this excess to the Hensons, the mortgagors. On the fifth day of March, 1889, the day after the sale, the plaintiff went to the defendant's house and stated to defendant that he came to pay off defendant's debt and expense and take the mules; the defendant demanded fifty dollars' damages, in addition to his debt, which the plaintiff refused to pay. Afterwards, on March 9, 1889, the defendant sold and delivered the four mules to Henson, and took his note for the purchase money (three hundred and five dollars), secured by chattel mortgage.

"The sale made by defendant to himself under the first mortgage was invalid, and did not cut off the equity of redemption of either the plaintiff or the Hensons. The Hensons, however, acquiesced in what was done, and received the money paid by the defendant over and above his debt, and afterwards one of them bought the mules from the defendant. The receiving of this money by the Hensons from the defendant at his sale was equivalent to a release by them to defendant of any claim or interest in the mules, but this mortgagee's sale did not cut of the equity of redemption of the plaintiffs, and on the day succeeding the sale, when he proposed to pay off the defendant's claim, he had the legal right to do so. The refusal of the defendant to permit him to redeem without the payment of fifty dollars' damages was wrongful, and when he afterwards, on March 9, 1889, made a sale and delivery of the mules to Henson, after denying plaintiff's right to redeem, he became liable to plaintiff for the value of the mules over and above his debt, there being no evidence as to any

expense legally incurred by the defendant. The mules
at public sale brought two hundred and fifty-five dol-
lars; at private sale, a few days afterwards they sold
for three hundred and five dollars. There are three
witnesses estimating the value of the mules at from two
hundred and forty to two hundred and sixty dollars,
and three witnesses estimating their value at five hun-
dred dollars. The mules were from twelve to fifteen
years old—some of them had defects. Estimating the
value of the mules at three hundred and five dollars,
and defendant's debt at one hundred and two dollars, it
leaves a balance of two hundred and three dollars, for
which plaintiff is entitled to judgment.

"While plaintiff might have maintained a simpler
remedy under his mortgage, we are not prepared to say
that the remedy sought by the petition in this case can-
not be maintained.

"In Jones on Chattel Mortgages [ 2 D. Ed. ] section
712, it is said:

"'When a court of equity has established the right
to redeem, but the mortgagee has consumed or disposed
of the property, so that it cannot be redeemed in kind,
it may enter a personal decree against the mortgagee
for the excess of the value of the property over the
amount found due on the mortgage.'

"JAMES M. SANDUSKY, Judge."

I.   Upon reading and considering the evidence, we
feel entirely satisfied with the foregoing finding of
facts, as well as the result reached, as shown by the
judgment entered thereon. The learned judge, trying
the cause, has found a legal fraud to have been done
the plaintiff. The evidence fully justifies this conclu-
sion, if not to warrant the charge of *actual* fraud.
Thompson *knew* of the existence of plaintiff Moore's
claim and mortgage on the four mules. *Knew* that
Moore was seeking and demanding payment from the
Hensons, since Moore had given him written notice

thereof by letter dated February 13, 1889 ; and, yet, in the face of these facts, Thompson, at a sale under his mortgage, on March 4, 1889, offered and sold at public sale, "in bulk," all four mules, and *himself* became the purchaser at his own sale. The evidence conclusively shows that to pay Thompson's balance against Hensons ( being only one hundred and two dollars ) the sale of *one* ( at most not more than *two* ) of the four mules would have been sufficient, yet he sells the entire bunch at one sale, realizing nearly three times the money needed, and thereby shutting off the plaintiff Moore's rights in the remainder. The evidence, it is true, shows that Henson consented to this sale of all four mules "in bulk," and the result indicates the purpose of such consent, since he was to buy from Thompson, the purchaser, the same mules, freed, as he thought, from Moore's mortgage. However, Hensons had no authority to consent away the rights of the subsequent ( second ) mortgagee. Moore was the mortgagee of the equity of redemption in those mules, and a sale of more than was sufficient to pay the prior mortgage was an outrage on *his* rights, since it affected the security for his debt. The surplus of the mortgaged chattels left after paying the prior incumbrance, was pledged to secure Moore's claim, and to the extent of his debt, was his property, and not Hensons. 2 Jones on Mort., sec. 1921 ; *Reid v. Mullins*, 43 Mo. 306 ; *Strawbridge v. Clark*, 52 Mo. 21.

II. So, too, as stated in the opinion of the circuit judge, the sale by Thompson to himself was invalid, as to Moore, the subsequent mortgagee. Jones on Chat. Mort., sec. 806. The mortgagee cannot legally become a purchaser at his own sale, unless authorized or consented to by the parties in interest.

" It matters not, in the application of this rule, that the sale was *bona fide*, and for a fair price. The rule is not intended to remedy an actual wrong, but is

intended to prevent the possibility of it," says the author last cited.

This plaintiff never consented or agreed that Thompson, the prior mortgagee, might purchase the mortgaged mules, sold at his own sale. Hence, plaintiff had still, after such sale, the right of redemption, and he attempted to exercise that right; but it was refused by defendant, who sold the mules and appropriated the proceeds to his own use. Having then converted the mortgaged property, the defendant became liable for its value after the payment of his own debt. He held the property, and proceeds in trust, first, for the payment of his balance of one hundred and two dollars and the remainder to be applied on the claim of this plaintiff. Jones on Chat. Mort., sec. 798; *Rutherford v. Williams*, 42 Mo. 34; *Moore v. Ryan*, 31 Mo. App. 474.

We see no reason to discuss some other questions, merely technical, raised in counsel's brief. The judgment is clearly for the right party, and is affirmed. All concur.