## AUXVASSE MILLING COMANY, Appellant, v. W. E. CORNET, Respondent.

### St. Louis Court of Appeals, October 1, 1900.

1. **Landlord's Lien: REPLEVIN: ENFORCEMENT OF LIEN: PRACTICE AND PROCEDURE.**  Ordinarily the enforcement of a landlord's lien on the tenant's crop for unpaid rent, is by legal process, but this only becomes necessary when the tenant compels it.

2. ———: ———: ———: **AGREEMENT OF PARTIES.**  If the tenant surrenders the crops to the landlord and authorizes him to sell them to satisfy the rent, or if he himself sells them with the consent of the landlord for that purpose, all is accomplished by the agreement of the parties that the law could accomplish.

Appeal from the Audrain Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*P. H. Cullen, W. A. Edmonston,* for appellant.

(1)   The chattel mortgage given by Beagles to appellant was due one day after date; was past due at the time the corn was sold.   Hence appellant was the absolute owner of the corn.   This is the universal doctrine.   Pollock v. Douglass, 56 Mo. 487; White v. Quinlan, 30 Mo. App. 54; Barnett v. Timberlake, 57 Mo. 510. (2)  The landlord's lien of Raferty was not such a lien as entitled Raferty to possession and could only be enforced by a proper legal proceeding.   Knox v. Hunt, 18 Mo. 243; DeJarnett v. DeGiveritt, 56 Mo. 440; Sanders v. Ohlhausen, 51 Mo. 164; Holt v. Colyer, 71 Mo. App. 280.   Nor can one holding a landlord's lien bring trover for the crops against a purchaser from the tenant nor resist trover when brought by such purchaser.   Finck v. Pratt, 22 N. E. Rep. 819.   (3)   It was not in the power of Beagles, after giving the mortgage, to do anything which would impair the rights of appellant.   Sims v. Field, 66 Mo. 111.

*Orlando Hitt* for respondent.

In point 2, made by opposing counsel, they contend that the landlord's lien of Rafferty could have been enforced only by a proper legal proceeding—meaning by "legal proceeding," as I take it, legal process; and they cite certain authorities to sustain their position, among which being Holt v. Colyer, 71 Mo. App. 280.   "The principles on which the plaintiff can recover, if at all, are strictly equitable, and power to apply and enforce these belong exclusively to a court

of equity. It is clear that if the value of the crops which the defendant's tenant turned over to her was in excess of the amount of the rent, that the plaintiff can not have relief in an action at law." To the same effect, see Jones on Chattel Mortgages (4 Ed.), secs. 712, 494, 496, and cases therein cited.

BIGGS, J.—This is an action of replevin for corn. The sheriff seized five hundred and seventy bushels in the possession of defendant. The latter gave bond and retained the property. The corn was planted, cultivated and gathered by one Beagles, the tenant of one Raferty. Beagles executed his note to Raferty for $160, the amount of the rent, and the lease expressly reserved a landlord's lien on the crops to secure the note. After the corn was planted and before it was gathered, Beagles executed and delivered to plaintiff a mortgage on the growing crop to secure a note due from Beagles to it amounting to $231.45. It was stipulated in the mortgage that the transfer was made subject to Raferty's lien for the rent. After the corn had been gathered, to-wit, in December, 1898, Beagles, with the sanction of Raferty, sold to defendant 237 bushels of the corn at 29 cents per bushel, and the proceeds of the sale were paid to Raferty, and by him applied as a credit on the note for the rent, leaving a balance due thereon of $91.27. At that time Beagles removed from the state, and he delivered to Raferty's agent the remainder of the corn to be sold by him to satisfy the balance of the rent, and the surplus, if any, he was to pay the plaintiff as mortgagee. The agent sold the corn to defendant for $168.40. After paying the balance of rent there remained in his hands $77.18, which the agent tendered to plaintiff. The tender was declined and the present suit was instituted to recover from defendant both lots of corn. In addition to the foregoing facts the evidence tended to prove that the corn was sold to the defendant for a

fair price; that the last lot of corn was stored in a pen some distance in the country; that there was no convenient way of selling a portion of it, as there were no scales within a reasonable distance, and there was no way of measuring it except as a whole, and that for these reasons the entire lot of corn was sold, which was more than necessary to satisfy the balance of the rent. Upon this proof the court at the instance of the defendant instructed the jury as follows:

"The court instructs the jury that the mortgage given by one Frank Beagles to plaintiff, upon which plaintiff relies for a recovery in this cause, was given subject to the lien of the landlord for rent on the premises on which the corn replevied was grown, for the year 1898, and that the said lien of the landlord had precedence over the said mortgage. And if the jury believe from the evidence in the cause that, for the purpose of paying said rent, said Beagles, at the sale, and with the consent of the landlord holding said lien, publicly sold or caused to be sold the shucked corn, referred to in the evidence, to the defendant or to the defendant and Dr. McCall, and that the proceeds thereof were applied on said rent; and if the jury shall further believe from the evidence that the corn in the shuck which was replevied, referred to in the evidence, was by said Beagle turned over to his landlord for the purpose of having the same sold to pay the balance of said rent and that said landlord, for such purpose, did sell the said corn in the shuck to the defendant or to the defendant and Dr. McCall, their verdict shall be for the defendant, provided it shall further appear from the evidence that said sales of said corn were made in good faith for the purpose of paying said rent and that at said sales it brought what it was at that time reasonably worth."

Assuming the facts hypothetically stated in the foregoing instruction to be true, we can conceive of no theory upon which plaintiff can maintain its action. Raferty had a land-

lord's lien on the corn.   That is undisputed.   It is also con-
ceded that his lien was prior to that of plaintiff.   It is clear,
therefore, that he (his rent being unpaid) had the right as
against the plaintiff to enforce his lien by the sale of the corn,
or so much thereof as might be required to pay his debt.   Or-
dinarily the enforcement of such a lien is by legal process, but
this only becomes necessary when the tenant compels it.   If
the tenant surrenders the crops to the landlord and authorizes
him to sell them to satisfy the rent, or if he himself sells them
with the consent of the landlord for that purpose, all is ac-
complished by the agreement of the parties that the law could
accomplish.   Dunlap v. Dunseth, (K. C. Court of Appeals)
vol. 2, No. 11, Appeal Rept., page 685.   Therefore the objec-
tion that the sales were not *in invitum,* i. e., under legal pro-
cess, is without force.   If the sales had been conducted in bad
faith, and the corn by reason thereof had not sold for its full
value, then the plaintiff would have a remedy in equity to
redeem, in which a redemption would be decreed upon equit-
able terms; or, if the corn had been consumed or could not be
found the court would compel the wrongdoers to reimburse
the plaintiff for the loss.   Jones, Chattel Mortgages (4 Ed.),
secs. 496 and 712.

It is insisted, however, that Raferty's agent sold more
corn than was necessary to pay the balance of rent.   This is
true, but under the circumstances the sale should not for that
reason be avoided.   If the corn had been in two separate pens
and the sale of one had satisfied Raferty's debt, then the sale
of the other would not have passed the title, and the plaintiff
could maintain replevin for it.   Moore v. Railway, 31 Mo.
App. 474; Jones, Chattel Mortgages, sec. 798.   But we have
no such case.   The evidence is undisputed that the corn was
stored in a single pen and there was no means at hand of
weighing or measuring it in parcels.   Therefore the sale was
conducted in the only feasible way, and it had the effect of

passing the title to all the corn.

It is useless to discuss the specific assignments of error. What we have said meets all objections and leads to an affirmance of the judgment. The judgment will therefore be affirmed. All concur.