W. K. JENKINS, Plaintiff-Appellant,

v.

ARCHER–DANIELS–MIDLAND
COMPANY et al.,
Defendants-Respondents.

No. KCD 29506.

Missouri Court of Appeals,
Kansas City District.

Aug. 28, 1978.

Edward J. Murphy, Butler, for plaintiff-appellant.

Gerald D. McBeth, Nevada, Lynn K. Ballew, Harrisonville, for defendants-respondents.

Before WELBORN, Special Judge, Presiding, PRITCHARD, J., and HIGGINS, Special Judge.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment in court-tried interpleader action concerning right to proceeds of soybean crop.

Hoover and Hansen owed W. K. Jenkins $55,000 cash rent for farm property rented by them from Jenkins for the 1975 crop year. They were unable to pay the rent.

On November 28, 1975, Jenkins and Hoover and Hansen entered into an agreement, reciting that $55,000 was due as rent for the 1975 crop year and that Hansen and Hoover had 12,000 bushels of beans taken from the land, such crop being subject to a lien as provided in the lease and the "statutory lien" of Jenkins. Hansen and Hoover assigned to Jenkins "their interest and title in said soybeans to satisfy the landlord's lien * * *."

Between December 3 and December 9, 1975, the beans were removed from the storage bins and taken to the Archer-Daniels-Midland Company (ADM) elevator at Clinton. Jenkins received a warehouse receipt for 4584.64 bushels of beans and entered into a deferred pricing contract with ADM for the balance. Under the contract, the beans were sold by Jenkins with the price to be determined by him at such later date as he might choose.

Jenkins pledged the warehouse receipt and deferred pricing contract to the First National Bank of Butler to secure an indebtedness to the bank.

Hoover and Hansen were indebted to Allis-Chalmers Credit Corporation and H. T. Smith Implement Company for farm machinery. They had pledged the crops on the land rented from Jenkins as security for that obligation. Subsequently they also had pledged those crops to secure an indebtedness to Vistron Corporation for fertilizer.

On December 16, 1975, Allis-Chalmers wrote ADM and Jenkins, asserting a claim to the beans and demanding that, if the beans were priced, no part of the purchase

price be paid to Jenkins, but that it be placed in escrow.

Jenkins and the elevator manager discussed Jenkins's removal of the beans, but the ADM manager insisted that Jenkins could not do anything with them because of the Allis-Chalmers demand.

In September, 1976, Jenkins filed a replevin suit against ADM for return of the beans and $12,000 damages for their wrongful detention. ADM answered and counterclaimed for interpleader, setting up the claims of Allis-Chalmers/Smith, Vistron, the First National Bank of Butler and ADM's lien for storage charges. The court sustained the interpleader. Allis-Chalmers/Smith and Vistron answered, setting up their claims based upon the security interests in the crop from Hansen and Hoover. The cause was heard on the interpleader alone, the judgment being declared final for purpose of appeal.

Following the hearing, the trial court entered judgment finding that Jenkins was entitled to recover his rent and that he had not waived his landlord's lien. The court further found that Allis-Chalmers/Smith had a valid security interest in the beans, subject to the interest of Jenkins for recovery of his rent; that Vistron had a valid security interest in the beans, subject to the interest of Jenkins and that of Allis-Chalmers/Smith. The court further found that Hansen and Hoover had an interest, subject to the foregoing interests.

The judgment called for sale of the beans and application of the proceeds as follows:

1. Payment of court costs.
2. Payment to ADM for storage.
3. Attorney's fee of $750 to ADM.
4. $55,000 to Jenkins.
5. Balance to Allis-Chalmers/Smith up to $59,000.00.
6. Remaining balance to Vistron up to $26,977.75.
7. Any remaining balance to Hoover and Hansen.

The amount ultimately realized upon the sale of the beans does not appear, but based upon statements in briefs, the sale of the beans produced a return considerably greater than the approximately $60,000 for which the beans could have been sold at the time of the assignment by Hansen and Hoover to Jenkins in November, 1975. According to respondents Allis-Chalmers/Smith, the proceeds of the sale " * * * after satisfaction of Jenkins' claim nearly satisfied the indebtedness due Allis-Chalmers/Smith." Jenkins moved to amend the court's judgment to declare that he should receive all proceeds of the sale of the beans. The motion was overruled and Jenkins appealed.

In this court, Jenkins contends that the trial court erroneously applied the law relating to landlord's liens (§§ 441.280 and 441.290, RSMo 1969) in holding that, despite the priority of his lien, Jenkins, upon receipt of the assignment of the rights of the tenants to the crop in satisfaction of their obligation for rent and upon Jenkins's taking possession of the crop to enforce his lien, was not entitled thereafter to deal with the crop as its owner without regard for the claims of subordinate lienholders. Jenkins asserts that, absent a fraudulent intent to deny the rights of secondary lienholders, such secondary lienholders had no right to disturb his ownership of the crop upon his enforcement of his lien and the receipt of the assignment by the tenants.

The respondents Allis-Chalmers and Smith accept the trial court's conclusion that their lien was secondary to that of Jenkins's landlord's lien. They contend that Jenkins's seizure of the bean crop did not extinguish their perfected security interest and that the trial court properly distributed the sale proceeds.

The respondents would support the trial court's judgment on the grounds that the court properly applied Section 400.9–504, RSMo 1969, dealing with a secured party's right to dispose of collateral under the Uniform Commercial Code. However, by Section 400.9–104(b), Article 9 of the Code is made inapplicable to a landlord's lien. Therefore, the judgment cannot be upheld on this basis.

Appellant acknowledges absence of authority in support of his position. The only authority discovered is contrary to appellant's position. In 52 C.J.S. Landlord & Tenant § 671 p. 856 (1968), the following is found:

" * * * Where, without resort to legal proceedings, the landlord has received from the tenant the crop to apply in discharge of his lien, he is bound to account to a junior lienor for the surplus of such crop in excess of the amount of his prior lien, and it has been held that this is true notwithstanding, at the time of the transfer, the crop was not worth the rent, when it afterward appreciated in value."

The authority cited in support of the latter proposition is *West v. Cook Mercantile Co.,* 157 Ark. 600, 249 S.W. 561 (1923). The case of *Auxvasse Mill. Co. v. Cornet,* 85 Mo.App. 251 (1900), is consistent with the first stated proposition.

Appellant has not demonstrated that the trial court incorrectly applied the law. Therefore, its judgment will be affirmed.

Judgment affirmed.

All concur.