## REED, GUARD'N OF TOLSON, *vs.* WILSON & GARNER.

1. A suit on behalf of a lunatic must be instituted in the name of the lunatic, and not in the name of the guardian.
2. In an action of replevin, "where the plaintiff fails to prosecute his suit with effect," the assessment of damage is imperative, and may be made by the court, if neither party requires a jury.

### APPEAL FROM HOWARD CIRCUIT COURT.

CLARK for Appellant insists :

1. That in this State, the action of replevin can be brought by any person having the right of the possession of the property sued for, and that either a general or special property, coupled with the right of possession, is sufficient to maintain this action. See Rev. Code, Title Replevin, Broadwater vs. Darn, 10 Mo. Rep. 277, 1 Chitty's pl. 82, 3, 138, 187.

2. The guardian in this case was by law entitled to the possession of the estate of the lunatic, and he was bound, in the discharge of his duty, to take possession of and manage it for the benefit of the lunatic according to our statute on that subject. Rev. Code, Title Insane

Persons, secs. 13 & 14, p. 595. Having the charge and control of the person as well as the estate of the lunatic, the guardian had more than a naked right to the possession. He acquired by virtue of his trust a special vested interest in the estate, and after the appointment of the guardian and his qualification, the detention was against his right of possession, bared upon this special interest and the suit was consequently brought properly by the guardian. Story on Bailments, 109 ; 19th Wendell 206, 3rd John. cases, 53, 3 Watts & Sergt. 416, 2 Ark. Rep. 326.

3. The court erred in assessing the damages—this is like all other cases, the court we think, has no power to assess the damages against the consent of either party. 9 Mo. Rep. 163.

LEONARD for Appellees insists :

1. The amendment of the plea and the refusal of the court to render judgment or for want of a plea, are matters within the discretion of the circuit court, and there is nothing in the record to show that the decision was improperly exercised, even if these matters are proper subjects for a writ of error.

2. By the express terms of the statute, if the plaintiff fail to prosecute his suit with effect and without delay, the court or jury may assess the value of the property and the damages for the use of it. Rev. Stat. '45, Replevin Sec. 8.

3. The action in behalf of a lunatic must be in the name of the lunatic and not in the name of the guardian or committee. Co. Little 135 6, 6 Bacon's Abr. "Idiots and Lunatics." G. Shelford on Lunatics, 395 ; Thorn vs. Corrard 2 Siderfin 1 24, Drury vs. Fitch ; Hutton's Rep. 16, Fulcher vs. Griffin; Pohnam's Rep. 140, Coke vs. Darston ; 1 Brown & Golb 197, Knipe vs. Palmer, 2 Wilson 130 Cox vs. Dawson, Noys Rep. 27, Lane & Gross vs. Shemerhorn ; 1 Hill (N. Y.) 97, Long vs. Whidden 2 New-Hampshire Rep. 436 ; McKnight vs. Aiken, 3 Hill (S. C.) 337, Crane vs. Anderson 3 Dana R. 119. If the present were even the case of the guardianship of a minor, this action could not be sustained in the name of the guardian, Dearman vs. Dearman 5 Alabama Rep. 202, Sutherland vs. Goff, 5 Porter's Rep. 508, Fugna vs. Hunt, 1 Alabama Rep. 197, Barrett vs. Commonwealth, 4, J. J. Marshall 389, Barnet vs. Commonwealth, 5, J. J. Marshall 286, Longstreet vs. Tilton ; 1 Cox N. J. Rep. 38.

Judge BIRCH delivered the opinion of the court.

Reed as guardian of Tolson, a lunatic, brought an action of replevin against Wilson & Garner for the detention of slaves and other personal property. At the return term the defendants pleaded the general issue, entitling it "at the suit of Tolson, by her guardian," upon which the plaintiff took issue. At the trial term, the defendants had leave to amend their plea, by entitling "at the suit of Reed guardian of P. Tolson," corresponding with the declaration. The plaintiff having ineffectually objected to the amendment, thereupon moved for judgment against the defendants for want of plea which was overruled and the parties went to trial. It was properly proven that Miss Tolson had been declared a lunatic, that Reed was her guardian and had demanded the property in suit which was refused by the defendants. It is deemed unnecessary further to recapitulate the testimony, it being apparent from the record, that the issue in the court below was finally narrowed to the legal

right of the guardian to. institute a suit in his own name, instead of that of his ward. Upon this point, the current of general authorities seems unbroken and conclusive, and we do not perceive that the reasoning upon which they are predicated is impaired or affected by the provisions of our. statute, "regulating the action of replevin" or the duties of the guardian as prescribed in the "act relative to insane persons." We perceive therefore, no error in the instructions of the circuit court, upon which the plaintiff took a non-suit; these instructions having simply asserted the legal conclusion, that the plaintiff could not recover the property of his ward in an action in his own name but that (*a con verse,*) such a suit must be. instituted and prosecuted in the name of the lunatic, by the guardian.

Upon the other points in the case, as the bill of exceptions contains nothing upon which we can predicate an opinion adverse to the recovering, upon which the judge proceeded in the exercise of the discretion he was clothed with respecting the motion to amend the pleading and the antagonist one for judgment by default, the legal presumption arises that he used it legitimately and soundly; and the plaintiff having "failed to prosecute his suit with effect," the assessment of damages, &c. would seem, not only regular but imperative and surely *may* be done by the court, if either party *require* a jury.

Upon the whole record therefore, the judgment must be affirmed.