## WEST, Respondent, v. BEST, Appellant.

1. Where the obligation to pay a promissory note is made dependent upon the performance by the payee thereof of a condition contained in a collateral agreement entered into between the payee and the maker, and the maker of the note waives the performance of the condition, his obligation becomes fixed and complete.

2. Where A. conveys land to B. and B. gives his notes for the purchase money, and, there being doubts as to A.'s title, both parties enter into an agreement that unless A. within a reasonable time make good title to the

West v. Best.

land, the notes should become void and B. should restore the land to A., and A. sues B. on the promissory notes; *held*, that the question whether A. had made good the title to the land within the meaning of the agreement is a question of law for the court.

3. A justice of the peace can not take the acknowledgment of a married woman of a deed conveying her real estate; the acknowledgment must be taken by some court having a seal, or some judge, justice or clerk thereof.

### *Appeal from Randolph Circuit Court.*

This was an action on two promissory notes, for one thousand dollars each, executed by defendant in favor of plaintiff. The defence is that said notes were given in consideration of the sale by plaintiff to defendant of a certain tract of land the title to which had failed. It appeared in evidence that West, the plaintiff, in 1857, sold to Best a certain tract of land for two thousand five hundred dollars, and executed a deed therefor with covenants of warranty. There being some doubt as to the title, the parties entered into a written agreement, whereby, after reciting that there appeared to be some doubt as to the title to the land, it was stipulated that if West should fail in a reasonable time to make good the title, the notes should become void, and he (West) should refund to Best the portion (five hundred dollars) of the purchase money that had been paid, and the land should be restored to West. It also appeared in evidence that in 1819 one Eliza Flesher had conveyed said tract to W. H. Ashley, but plaintiff failed to show documentary title from said Ashley. Plaintiff showed that he had been in possession for more than twenty years. The defendant read in evidence a deed executed by plaintiff in 1834 conveying the land in controversy to his son J. P. West. To rebut this evidence, plaintiff read in evidence various conveyances to himself from the heirs, the brothers and sisters of said J. P. West. Among them was a deed purporting to be executed by a guardian of one of these minor heirs; also a deed from one of said heirs and her husband. The latter deed was acknowledged before a justice of the peace, and its admission in evidence was objected to on that ground. There was also evidence tending to show that

West, the plaintiff, went to defendant and offered to return to him the money received on the land and receive back the land according to the agreement; that Best refused to do this, and waived compliance with said contract by West and agreed to pay for the land. At this interview West showed to the defendant a written statement or opinion concerning his title, given to him by Judge Hall, who had formerly been his counsel in litigation concerning this tract of land. This statement of Judge Hall was read in evidence against the objection of defendant. In this statement entire confidence was expressed in the title of West.

The following instructions, given at the instance of the plaintiff, are those referred to in the opinion of the court: "3. If the jury believe from the evidence, that the notes sued on were given for the land mentioned in the agreement given in evidence, and that plaintiff had, at the time of the execution thereof, or has since, acquired good title to said land, they will find for plaintiff the amount of said notes and the interest thereon. 4. Although plaintiff had conveyed to his son Perry the land and did not have his wife's relinquishment of their title to him at the time he conveyed to Best, yet if he has since acquired title as shown by the deeds offered in evidence, the title thus acquired enures to defendant, and plaintiff is entitled to recover so far as that objection goes."

Other instructions were given and refused on both sides.

*Shackelford* and *Turner*, for appellant.

I. Title acquired by twenty years' possession is not such as was contemplated by the agreement. Evidence of adverse possession was therefore irrelevant and ought to have been excluded. There was not even color of title in plaintiff previous to his conveyance to his son. The third, fourth and fifth instructions given for plaintiff were erroneous. The statement of Judge Hall was improperly admitted in evidence. The court also erred in giving the first instruction for plaintiff, also in giving the instruction of its own motion, also in refusing those asked by defendant. The court erred

in giving those instructions asked concerning the waiver. The guardian's deed ought to have been excluded. The county court did not have jurisdiction of the sale of a minor's land except for purposes not appearing to have been the object of this sale. Justices of the peace are not authorized to take acknowledgment of deeds conveying the lands of married women. The deeds from the married sisters of J. P. West should have been excluded.

*Burckhartt* and *Davis*, for respondent.

I. The defendant Best waived the necessity of a compliance with the contract and agreed to pay for the land regardless of any defect in the title. It was upon this point that the case turned in the court below. This waiver he could make by parol. (3 Metc. 486.) A justice of the peace is authorized under the revised code of 1855 to take acknowledgment of the deed of a married woman conveying her real estate. The instructions given placed the law of the case fairly before the jury.

Scott, Judge, delivered the opinion of the court.

This is an action founded on two promissory notes. The payment of the notes was made dependent on the compliance with a condition contained in a collateral agreement. It is obvious that if the performance of the condition was waived by the party in whose behalf it was to have been done, he could not afterwards resist their payment. If the plaintiff had placed his right to a recovery on the ground of a waiver of the performance of the condition, and there had been a verdict in his favor, the judgment would not have been disturbed. But there were instructions given for him which renders a reversal of the judgment necessary.

The third instruction given for the plaintiff was, we conceive, erroneous. It put the question of law to the jury. Whether the plaintiff had a good title to the tract of land, the price of which formed the consideration of the notes sued on, was a matter of law to be determined by the court.

The instruction was moreover wrong in this, that it put as a hypothesis to the jury a matter about which there was no dispute; as it is clear that, if the case was made to turn on the validity of the plaintiff's title as presented by the record, he must have inevitably failed.

The fourth instruction given for the plaintiff is also exceptionable. A married woman can not convey her real estate by acknowledging her deed before a justice of the peace. The thirty-fifth section of the act concerning conveyances prescribes that a married woman may convey her real estate by acknowledging the conveyance and having it certified by some court having a seal, or some judge, justice or clerk thereof. (R. C. 1855, p. ——.) These words, in our opinion, determine the court or officer who is to certify a a deed conveying a married woman's land. A justice of the peace has never had, under our statute laws, authority to take the acknowledgment of a conveyance passing the title of a married woman to her land. We are not of the opinion that the general words " or other officer," contained in the thirty-seventh section of the same act, were designed to change the general provision which fixed the tribunal or officer by whom the deeds of married women conveying their lands were to be certified. The thirty-fifth section determined those who were to perform such acts, and we will not presume that, by any general terms, that was unfixed which had been made firm and stable.

We do not see the propriety in giving the fifth instruction for the plaintiff. His having a color of title did not affect the merits of the controversy. If the defects of his title were not waived by the defendant, then the defendant was entitled to a good title. The instruction was of a tendency to mislead the jury.

We do not see the point of the objection to the deed of D. W. Davit, guardian, to the plaintiff. We see no impropriety in refusing the defendant's second, fourth, fifth, sixth and seventh instructions.

The certificate of Judge Hall, as to the state of the title

of the plaintiff, was properly admitted as evidence, it being qualified with the direction that it was no evidence of title in him. It served to strengthen the evidence of the witness, who testified to the fact of a waiver of all objections to the title and furnished a motive to the defendant in making it.

Reversed and remanded. Judge Napton concurs. Judge Richardson concurs in reversing.