Allen v. Ranson et al.

HORACE ALLEN, Plaintiff in Error, v. J. C. RANSON et al., Defendants in Error.

1. *Ejectment — Suit may be brought by an insane person in his own name.—* An ejectment suit in this State may proceed in the name of plaintiff, without the intervention of a guardian, although it appear that he is insane.
2. *Ejectment — Mortgagor — Life interest of, no bar to suit.—* Where suit in ejectment is brought against a mortgagor who has possession and a life estate in the property, he can not retain his possession by showing that, when his curtesy ceases, the heirs of his deceased wife may be entitled to it.
3. *Ejectment — Party in possession — Heirs need not be made party.—* In a suit by ejectment against a party who has a possessory title and life interest in the property, it is improper to make his heirs parties defendant.
4. *Practice, Civil — Trial — Amendments, when allowed, during.—* If facts are developed upon a trial which would enable defendant to impeach the transaction upon which the suit is based, and he is taken by surprise by these facts, or if other facts have come to his knowledge since making up the issues, or any other good excuse can be given for not having made up the issues, so as to admit the testimony he desires to offer, he should be permitted to amend upon terms. But a general application to amend an answer so as to set up fraud, without stating what amendment defendant wishes to make, is properly overruled in the discretion of the court.
5. *Mortgages — Mortgagee with power of sale may purchase property, with what limitation.—* A mortgagee with power of sale is a trustee as well as a creditor, and, at his own sale, can not become the purchaser either directly or indirectly, so as to cut off the equity of redemption. But such a sale is not void. It is good as to all the world, and for all purposes, excepting only that the mortgagor still has the right to pay the debt and redeem the land.

*Error to First District Court.*

*Douglass & Gage*, for plaintiff in error.

I. The power of allowing amendments is discretionary with the courts, and, unless such discretion has been abused or unsoundly exercised, the action of the courts in giving or refusing leave to amend is not to be disturbed. (Garton v. Cannada, 39 Mo. 364; Powers v. Nelson, 19 Mo. 190; Green v. Gallagher, 35 Mo. 226; Ferguson v. Han. & St. Jo. R.R., 35 Mo. 452; Dozier v. Jerman, 30 Mo. 216; Chauvin v. Lownes, 23 Mo. 227.)

II. As the amendment was proposed to be made during the trial, and changed substantially the defense, it was properly refused. (Gen. Stat. 1865, pp. 669–70, § 3; Thompson v. Mosley, 29 Mo. 497; Beardsley v. Stover, 7 How. Prac. 295; 11 Do. 170.)

III. The amendment also proposed to set up title in third parties, strangers to the record, and for this reason was properly refused. (Barber v. Harris, 15 Wend. 615; Laughlin v. Stone, 5 Mo. 43; Page v. Hill, 11 Mo. 149; Doe, Adm'r of Ogle, v. Vickers, 4 Ad. & El. 782; Redman v. Bellamy, 4 Cal. 250.)

IV. The sale was not made by Allen, but by the marshal of the court. That provision in the deed of mortgage passing the title, through Allen, to said marshal is valid. (McKnight v. Warner, 38 Mo. 132.) The marshal then became the trustee, and Allen the beneficiary (*Ex parte* Bennett, 10 Ves. 393); and, as such, he had a perfect and undoubted right to purchase at the sale. (McNair v. Biddle, 8 Mo. 257; Cooley v. Rankin, 11 Mo. 642; Richard v. Holmes, 18 How. 143; Ives v. Ashley, 97 Mass. 198; Howard v. Davis, 6 Texas, 174; Erskine v. De La Baum, 3 Texas, 406.)

*J. B. Hovey*, for defendant in error.

A trustee can not become a purchaser of trust property placed in his hands for sale, for his own benefit, either directly or indirectly. (White & Tud. Lead. Cas. in Eq., Hare & Wallace's notes, 159, and cases cited; Smith v. Isaacs, 12 Mo. 106; Sugd. on Vend. 368.)

BLISS, Judge, delivered the opinion of the court.

Defendant and wife, with her two brothers, W. W. and Geo. W. Talley, on the first of December, 1859, executed to plaintiff a mortgage of forty acres of land near Kansas City, to secure the payment of defendant's note to plaintiff for $3,549.73. The mortgage contained a power of sale by the mortgagee, or by the marshal of the Court of Common Pleas of Kansas City, and was acknowledged before a justice of the peace. On the 18th of April, 1862, John G. Hayden, then marshal of said Court of Common Pleas, advertised and sold the property at public sale, and it was bid in for $3,600 by one S. S. Smith, who afterward deeded it to the plaintiff. The wife of defendant being dead, he continued in possession of the property, and this is an action of ejectment brought against him by the plaintiff.

The record shows that, upon trial in the Circuit Court, the plaintiff showed title in the wife of defendant and her said brothers at the time of the mortgage, its execution by them, the sale by the marshal, and deed to Smith, and the deed by Smith to him; also, that children were born alive to said defendant and wife.

The claim of the plaintiff seems to have been sharply contested, and various questions were sprung upon him. First, as the case was called for trial, the defendant filed a paper suggesting to the court "that the plaintiff was insane," to which suggestion the court paid but little attention, and directed the trial to proceed, and defendant excepted. I do not see precisely the object of the suggestion, nor does the record intimate it. Even if the suggestion were true, which does not appear, the suit must proceed in the name of the plaintiff, and he might all the more require for his support the possession of his property. (2 Saund. Pl. & Ev. 318 ; Reed v. Wilson, 13 Mo. 28.) Allen, the plaintiff, is said to be a non-resident, and I see no provision for appointing a guardian in this State.

The defendant also objected to reading the mortgage in evidence, for the reason that it was acknowledged before a justice of the peace; and claims, under the decision of this court in West v. Best, 28 Mo. 551, that such acknowledgment did not pass the estate of the wife. It is not necessary either to approve or overrule the doctrine of that case, inasmuch as the acknowledgment of the defendant is not impeached by the supposed defect in that of his wife. He has both the possession and a life estate in the property; and, having conveyed the property to the plaintiff by this mortgage, can not retain the possession by showing that, when his curtesy ceases, the heirs of his deceased wife may perhaps be entitled to it. There is no such issue now as calls for an adjudication either upon the character of the acknowledgment or the validity of the curative act of February 15, 1864. When the heirs, who are not parties to this record, shall seek to enforce their claim to the property, it will then be necessary to pass upon the validity of the deed as against Mrs. Ranson. It is now sufficient to say that whatever may be the

effect of the supposed defect in the acknowledgment upon the rights of Mrs. Ranson's heirs, Ranson himself has a possessory title, which is vested in the plaintiff. (Beal v. Harmer, 38 Mo. 439 ; Bryan v. Wear, 4 Mo. 106.) Besides, a mortgagee, even without foreclosure or sale, may, after maturity of the obligation, maintain ejectment against the mortgagor.

If this view be correct, it disposes of another allegation of error in the record. The defendant, on the trial, sought to compel the plaintiff to make the heirs of Mrs. Ranson parties to this suit, and the court very properly held it to be unnecessary to do so. The defendant is the person in possession, and not the heirs. They hold under him, if they are in at all, and not he under them. They can have no estate during his life ; and for the court to have required the plaintiff to make them parties, and establish his rights as against them, as well as against the defendant, would have been a burden it had no right to impose on him.

I find in the bill of exceptions the following statement : "The defendant then offered to prove that the title of plaintiff to the land in controversy, both from Hayden, the marshal, and from Smith, to plaintiff, was a fraud upon defendant. The plaintiff objected, because fraud was not alleged in the answer. * * The court would not let him prove it, and defendant excepted. Defendant then asked leave to amend his answer, at the trial, upon terms so as to set up the fraud he attempted to prove ; but the court would not let him," etc., and he excepted. The District Court makes the refusal of the Circuit Court to receive the evidence, or permit the amendment, ground for reversal of the judgment, although the judge delivering the opinion pertinently remarks that "it would have been more satisfactory if the defendant had stated the questions he proposed to propound, in order to elicit the fraud ; and, when he offered to amend, to have stated the amendment he proposed to make."

Now, it nowhere appears what the defendant wished to prove, or what amendment he wished to make. He offered to prove a conclusion of law—an inference from facts ; but the facts are concealed. The parties had made up their issues, and during their

investigation the defendant made a general proposition to prove fraud, though what kind of fraud, or how perpetrated, he does not show. Fraud vitiates everything; and if facts were developed upon the trial that would enable the defendant to impeach the transaction upon which the suit was based — if he were taken by surprise by these facts, or if other facts had come to his knowledge since making up the issues, or any other good excuse could be given for not having made up the issues, so as to admit the testimony he desired to offer — he should be permitted to amend upon terms. But he must play an open hand — must disclose his testimony and the nature of his amendment, and show to the court that he is acting in good faith — or he will be suspected of maneuvering for delay. The court committed no error in refusing his testimony, if he had any outside of the issues, and in rejecting his general application to amend. This is necessarily so much a matter of discretion in the court trying the case, that we must presume that discretion was soundly exercised unless the contrary is shown by a full exhibit.

The defendant objected to the plaintiff's right of recovery upon the ground that, as mortgagee with power to sell, he was a trustee; that Smith, at the marshal's sale, simply purchased as his agent; that he, as trustee, had no power to purchase, and hence acquired no such title as would authorize him to take possession of the premises. Admitting the relation between the parties, and that the plaintiff was the actual purchaser, is it true that the sale was void, and that the purchaser acquired no title? It is well settled that a mortgagee with power of sale is a trustee as well as a creditor, and that at his own sale he can not become the purchaser, either directly or indirectly, so as to cut off the equity of redemption. But such a sale is not void. It is good as to all the world, and for all purposes, excepting only that the mortgagor still has the right to pay the debt and redeem the land. Purchases by some classes of trustees at their own sales are sometimes treated as void, but never in sales of this kind. This subject was fully considered in Thornton v. Irwin et al., decided at last January term (43 Mo. 153), where we held that the mortgagor had a right to redeem, notwithstanding the sale; but I

know of no case in this or any other court where such sales are treated as a nullity. The instructions to the jury based upon that hypothesis, asked for by the defendant, were very properly refused.

I can see no error whatever in the instructions given at the instance of the plaintiff and excepted to by defendant. They hypothecate a complete case; and the jury are told that if they believe from the evidence the facts hypothecated, they must find a verdict for the plaintiff. It is a convenient way of summing up the facts necessary to be proved, and bringing them directly before the jury, and they are less likely to be deceived than if the instructions were more abstract.

Upon the trial the defendant sought to prove the value of the property, and was not permitted by the court to do so. I can not see for what legitimate object the evidence was offered. The value of the rents and profits was in issue, and evidence was received upon that point, but whether the property would sell for a thousand or ten thousand dollars is not material. The decision either way would not decide the amount of rent to be recovered, or the plaintiff's right to the possession.

The defendant asked for several instructions based upon his claims as heretofore considered, which were refused by the court. It is unnecessary to consider them in detail, as they are all covered by this opinion. One or two of the instructions refused were correct in the abstract, but did not apply to the case.

The judgment of the District Court reversing that of the Circuit Court should be reversed, and the judgment of the Circuit Court be affirmed. The other judges concur.