L. D. ROUTT, Respondent, v. JAMES R. MILNER, Appellant.

St. Louis Court of Appeals, March 5, 1894.

1.    **Deed of Trust:** SALE BY TRUSTEE: GROSS INADEQUACY OF PRICE. Gross inadequacy of price in a sale by a trustee under a deed of trust is a controlling badge of fraud only, when there are other circumstances having a tendency to show fraud, such as unfair conduct of the sale or the deterring of bidders.

2. ———: ———: ABSENCE OF DEBTOR FROM THE STATE. That the land conveyed by the deed of trust is advertised for sale under it, while the party owing the debt secured by it is absent from the state, is immaterial, unless it further appears that this was done with a fraudulent purpose.

3. Remedies: EFFECT OF INTERPOSITION OF DEFENSE OF FRAUD. The fact, that fraud is interposed as a defense to an action on a note, leaves the issue one at law.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

*T. J. Delaney* for appellant.

Where a note is secured by a mortgage or deed of trust, and the holder of it, either by fraud or disregard of the debtor, sacrifices the security, such facts may be shown against an action on the note for the balance, and damages may be allowed by way of counterclaim, or the note may be canceled in equity. *Howard v. Ames*, 3 Met. 311; *Saber v. Stickney*, 9 Vt. 164; *Lowell v. North*, 4 Minn. 32; *Jencks v. Alexander*, 11 Paige, 619; 2 Perry on Trusts [3 Ed.], sec. 602*o*. In equity and good conscience it was the duty of Sheppard and Routt, they having full notice of the sale and the former having ordered it, to pay some regard to the rights of Milner, and they can not recklessly destroy the trust property and then mulct the debtor. *Lonquith v. Butler*, 3 Gilman, 32; *Singleton v. Scott*, 11 Iowa, 589; 2 Perry on Trusts [3 Ed.], 602*z*.

*Charles J. Wright* for respondent.

The defendant had knowledge that the sale would be made, because proper publication had been made, and in addition thereto a copy of the notice of publication was sent to him through the mail by the holder of

the notes. If defendant did not attend the sale, it was his own fault. It was his duty to pay the incumbrance, or attend the sale. If he failed, he has no right to complain. *Cress v. Blodgett*, 64 Mo. 449; *DeJarnette v. DeGiverville*, 56 Mo. 440; *Brown v. Kirk*, 20 Mo. App. 524.

ROMBAUER, P. J.—The plaintiff sold certain real estate to the defendant, subject to an incumbrance of $750 which was evidenced by the plaintiff's notes secured by deed of trust on the premises conveyed. By the terms of the sale the defendant assumed the payment of this incumbrance as part of the purchase money for the land conveyed to him. When the notes matured, the defendant failed to pay them. The property was duly advertised for sale under the deed of trust, and sold by the sheriff as trustee at such sale to one Bone for $25, such sale realizing a net balance of $6, which was applied as a credit on the notes. Bone afterwards conveyed the property to one Cox, who thereafter conveyed it to an innocent third person for $700. The plaintiff, claiming that he was compelled to pay the notes, and did in fact pay them, instituted the present action against the defendant on the promise contained in the deed first hereinabove mentioned, and recovered judgment for the balance of the notes with interest. From that judgment the defendant prosecutes the present appeal, and he assigns for error that under the pleadings and evidence the judgment is unwarranted.

The defendant's answer set up the following defense to the plaintiff's cause of action: That the sale of land under the deed of trust was the result of a fraudulent combination between the plaintiff and Bone, having for its object the purchase of the land for a nominal consideration by Bone in the interests of plain-

tiff; that, in pursuance of this conspiracy, plaintiff and Bone agreed to induce the beneficiary not to appear at the sale as a bidder; that Bone bid in the land, and then first conveyed it to Cox as a mere blind, and that, when Cox conveyed the land to the third party for the consideration above stated, the plaintiff and Bone divided the net proceeds of the transaction between them, and the plaintiff, having first paid to the beneficiary the full value of said notes, received from him a transfer of the notes without recourse on himself.

There was evidence at the trial substantiating the fact that Bone bid in the land at the plaintiff's request; that his bid was the only bid made for the land at the trustee's sale, and that the margin between the purchase price paid by Bone and the amount at which the land subsequently sold was divided between Bone and the plaintiff. There was no evidence, however, that any one had been induced or deterred from attending the trustee's sale, which, outside of the small amount realized thereby, was, as far as the evidence shows, free from suspicion. The beneficiary, who was a witness for the defendant, testified that he did not attend the sale, because he did not wish to buy the land; that, when he bought these notes, he relied upon Milner's promise to pay them, and not upon the land; that no one spoke to him or tried to influence him not to attend the sale; and that he advertised the land for sale on his own motion, and sent a copy of the advertisement to the defendant's address. There was also evidence that the defendant did not know of the trustee's sale until after it had taken place; that he was temporarily absent from the state when it did take place, and never saw the advertisement.

There can be no doubt under the evidence that the land was sold at the trustee's sale for a grossly inadequate consideration. Gross inadequacy of price, how-

ever, in such a sale is a controlling badge of fraud only when there are other circumstances having a tendency to show fraud therein, such as the unfair conduct of the sale or the deterring of bidders. Now, in this case it does not appear that the plaintiff interfered with the sale in any manner, or that he exercised any control over it. Nor does it appear that the sale was not had upon the notice provided by the deed. The defendant knew that the notes were over due, and that the land might be sold for their payment at any time. That the land was advertised for sale at a time when the defendant was absent from the state is wholly immaterial, unless it further appears that this was done with a fraudulent purpose. As was said in *DeJarnette v. DeGiverville*, 56 Mo. 448, the validity of such a sale could not be questioned, though the debtor was in the jungles of India. The notice of sale is not given to him, but its purpose is to notify the community of the fact that the sale will take place at a certain time, so that bidders may be present to purchase the property. There is not a tittle of evidence in this case, that the beneficiary knew of the defendant's absence from the state when he caused the land to be advertised for sale, or that the sheriff, acting as trustee, knew of that fact; much less is there any evidence that the sale was advertised with a view of taking advantage of the defendant's absence.

The appellant has referred us to a number of cases, such as *Howard v. Ames*, 3 Metc. 308, 311, which hold that the mortgagee, who sells land under a power to sell it and apply the proceeds to the payment of the mortgage debt, is a trustee for the debtor, and is bound to adopt all reasonable modes of proceeding to render the sale more beneficial to the mortgagee. But these cases have no bearing on the present inquiry. The beneficiary in a deed of trust is no trustee for his

debtor. All he is bound to do is to see that the land is sold in conformity with the requirements of the deed. It was held in *Sabin v. Stickney*, 9 Vt. 155, 163, that even a mortgagee who is authorized under the statute to become a purchaser at the sale, and who becomes such purchaser, is accountable to his mortgagor only for the value realized, and not for the value sold, provided the sale is not illegal in other respects.

This case, therefore, presents upon the evidence only these features: The defendant, owing to his own negligence, has suffered a loss, and the plaintiff without any fraud on his part has gained a corresponding advantage. We are aware of no principle of law, which would compel the plaintiff to account to the defendant for the advantage thus gained. As a proposition of law the plaintiff's right of recovery is clear upon the facts stated in his petition. *Rogers v. Gosnell*, 51 Mo. 466; *Cress v. Blodgett*, 64 Mo. 449.

We may add that no instructions were asked or given in this case; hence, even if there had been some evidence of fraud on plaintiff's part, the weight of that evidence would have been for the trier of the facts. The action is one for the recovery of money only, and hence triable by jury. Revised Statutes, 1889, section 2131. The fact, that fraud was interposed as a defense, does not change the forum. *Kitchen v. Railroad*, 59 Mo. 514; *Earl v. Hart*, 89 Mo. 263.

All the judges concurring, the judgment is affirmed.