Byrne v. Carson.

*marginal note: ——: statute of frauds: evidence: instructions.*

---

LILLIAN BYRNE *et vir*, Respondents, v. W. E. CARSON, Appellant.

**Kansas City Court of Appeals, April 5, 1897.**

1. **Appellate Practice**: PRESUMPTION: RECORD. In the appellate court all things are presumed to have been regularly and solemnly done until the record shows the contrary.

Byrne v. Carson.

2. **Mortgages**: FORECLOSURE: MORTGAGEE'S PURCHASE. A mortgagee can not become a purchaser at his own sale unless with consent of all the parties, and this rule is not intended to remedy the wrong but to prevent its possibility, and applies where the mortgagee purchases through another as well as directly.

3. ———: VERBAL CONTRACT: FRAUD: EVIDENCE. Where at the time notes and a mortgage to secure them are given a verbal agreement is had whereby the mortgagee is not to foreclose at certain times, parol evidence of such agreement is admissible as tending to show actual fraud where the action is to set aside the sale made at a prohibited time and to redeem the sold property.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Hollis & Lithgow* for appellant.

(1) Petition does not state facts sufficient to constitute a cause of action and inconsistent causes joined. No consideration for promise to extend time. *Swaggard v. Hancock*, 25 Mo. App. 596; R. S. 1889, Frauds and Perjuries. (2) No proof that this defendant had notice of time extended by Griffin, verbally as alleged, and such extension not good as against this defendant, if proven. R. S. 1889, see statute of frauds. (3) We submit that a court of equity, whilst its power is great, should be limited by rules of law to the extent of preventing confiscation of a litigant's property. We think an examination of the evidence, as shown by the abstract, will convince the court that error exists.

*Witten & Hughes* for respondents.

(1) "Although the title vesting in the mortgagee upon breach of condition is an absolute legal title, there still remains to the mortgagor a right or equity of redemption, and this may be asserted (notwithstanding the mortgagee has taken possession) at any

time before foreclosure or sale or other appropriate proceedings to cut it off." 3 Am. and Eng. Ency. of Law, p. 200; sec. 14, and notes; *Cutts v. York Co.*, 18 Me. 201; *Charter v. Stephens*, 3 Denir (N. Y.), 35; *Freeman v. Freeman*, 17 N. Y. Eq. 44; *Lander v. George*, 49 Ind. 309; *Doane v. Garretson*, 24 Iowa, 351; *VanBrunt v. Wakelee*, 11 Mich. 177; *Heyland v. Badger*, 35 Col. 404; *Kemp v. Westbrook*, 1 Ves. 278; *Wayne v. Hanham*, 9 Howe, 62. (2) "In an equitable action by the mortagor to redeem the court can give complete relief; and where the mortgagee by disposing of the property has prevented a redemption, reparation may be decreed in damages." *Standard v. Dennison*, 2 Sweny (N. Y.), 54; *Spalding v. Barnes*, 4 Gray (Miss.), 330; 3 Am. and Eng. Ency. of Law, note 5, p. 200; *McGlothlin v. Hemery*, 44 Mo. 350. (3) "Where the mortgagee or *cestui que trust* becomes the purchaser and is guilty of fraudulent acts touching the sale, the mortgagor will be allowed to redeem the property by paying the debt and interest; but if the purchaser has disposed of the land to a *bona fide* vendee the proceeds will be considered as a substitution for the original property and be subjected to the same trust." *Rutherford v. Williams*, 42 Mo. 18; *Clarkson v. Creely*, 35 Mo. 95; s. c., 40 Mo. 114; *Thornton v. Irwin*, 43 Mo. 153. (4) "A mortgagee with power of sale can not directly or indirectly become purchaser at the sale. Such purchase is held to be a fraud in law, and fraud need not be proven to set it aside." *Thornton v. Irwin*, *supra;* Snyder on Vendors, bottom page 890; *Howard v. Ames*, 3 Metcalf, 308; *Bank v. Minott*, 4 Metcalf, 325; *Venhan v. Rowe*, 2 Cal. 387; *Hyndam v. Hyndam*, 19 Vt. 9; 3 Am. & Eng. Ency. of Law, p. 206, and notes; *Porter v. Parmley*, 43 How. Pr. (N. Y.) 445; *Stodard v. Dennison*, 2 Sweny (N. Y.), 54; *Halls v. Bellows*, 13 N. Y.

Eq. 333; *Chapman v. Hunt,* 13 N. Y. Eq. 370; *Wilson v. Brannon,* 27 Cal. 248. Sale must be fair. *Bird v. Davis,* 14 N. J. Eq. 467; *Walker v. Stone,* 20 Md. 195.

SMITH, P. J.—This is a suit in equity wherein the decree recites that it is "consolidated and tried as one cause," but as to what was the nature of the other suit so consolidated with the present one, we are left to conjecture, as neither the decree nor the record elsewhere gives any intimation. This would seem to constitute an insurmountable barrier to any interference on our part with the decree in the consolidated case. *"Omnia praesumunter rite et solemnitur esse acta, donec probitur in contrarium."*

APPELLATE practice: presumption: record.

The object of this suit as is disclosed by the petition was to obtain a decree to set aside the sale of a soda fountain made under a chattel mortgage, and for the right to redeem upon the payment by plaintiff to defendant of $140, or in the event the defendant was unable to deliver said soda fountain to plaintiffs that they have judgment for $210 and for other relief.

STATEMENT.

The decree of the court was for plaintiffs and to the effect that the twenty-nine notes for $10 each and one note for $15 given by plaintiffs to Theodore Griffin and owned by the defendant be canceled; and that plaintiffs recover of defendant $185.79, the amount of purchase money due by defendant to plaintiffs for the purchase of the latter's store by the former, etc. The defendant has appealed.

It appears from the evidence contained in the record before us that plaintiffs sold defendant a small confectionery store in Kansas City for $225, and of this amount the defendant paid $60 in cash and gave his

note for $150 and for the other $15 due no note was given. At the time of the sale there was in the store a soda fountain which was reserved by plaintiffs and which they had previously purchased of Theodore Griffin for $350, paying $25 in cash therefor and executing to said Griffin thirty-one promissory notes for $10 each and another for $15 for the balance, the first of said notes to become due July 22, 1892, and one to become due on the twenty-second day of each succeeding month thereafter until all of them were paid. The plaintiffs executed a chattel mortgage to said Griffin on said soda fountain to secure said notes. This mortgage contained a clause which provided that if the plaintiffs herein made default in the payment of said indebtedness or any part thereof when the same became due then the said mortgagee or any one in his name was authorized to take possession of said soda fountain and sell the same in any manner he should think fit, etc. The said Griffin shortly after the execution of said notes and mortgage sold and transferred the former to the defendant. The plaintiffs paid the two first of said notes, that is to say, those falling due respectively July 22 and August 22, 1892, and made default in the payment of the next six that thereafter became due. The defendant, who was then the owner of said unpaid notes, under the power conferred by the mortgage, proceeded to sell and did sell the soda fountain to Mr. D. V. Waldron for $33 or $35.

The decisive question in this case is whether said Waldron was a *bona fide* purchaser of this soda fountain or whether he purchased it at the instance and for and in the interest of the defendant.

It is well settled that a mortgagee can not legally become a purchaser at his own sale unless authorized or consented to by the parties in interest. And it mat-

ters not that the sale was *bona fide* and for a fair price. The rule is not intended to remedy the wrong but is intended to prevent the possibility of it. *Moore v. Thompson*, 40 Mo. App. 195. Such a purchase constitutes a fraud in law and to authorize the setting aside of a sale so made it is not required that there should be actual fraud. And where the mortgagee purchases at his own sale through the interposition of another, such interposition is a badge of fraud and the sale may be avoided by the mortgagor. *Munton v. Irwin*, 43 Mo. 153, and authorities there cited. And it has been ruled that gross inadequacy of price where the sale is made under a deed of trust is a badge of fraud where there are other circumstances having a tendency to show fraud. *Routt v. Milner*, 57 Mo. App. 50.

*Mortgages: foreclosure: mortgagee's purchase.*

The evidence conclusively shows that Waldron did not purchase the soda fountain for himself but for the defendant. Immediately after the purchase he made a bill of sale of it to the defendant, wherein the consideration expressed was the same amount as that he had successfully bid for it at the mortgagee's sale. While there is some conflict in the testimony it satisfies us that Waldron was acting for defendant in making the purchase and that he paid nothing, made nothing, and lost nothing himself by the transaction.

Not only was the transaction fraudulent in law but there is evidence in the record tending to show actual fraud in the sale. It appears that the plaintiffs and Griffin at the time of the execution of the notes for the purchase price of the soda fountain entered into a verbal agreement whereby the latter bound himself not to require the payment of such of said notes as fell due during the winter months, but to extend the same until the summer months following when the weather would be warm

*——: verbal contract: fraud: evidence.*

and there would be a demand for soda, and that of this agreement the defendant was apprised at the time of his purchase of the notes. This evidence coupled with that showing that the defendant, without any notice to plaintiffs, either actual or constructive, of an intention to sell the mortgaged soda fountain, made sale thereof in the month of the year when there was no demand for soda water and in violation of same verbal agreement at a price that was not more than a tithe of its value, has a strong tendency to show the actual fraud alleged in the petition.

It is true the verbal agreement was without consideration, but it was nevertheless admissible along with the other evidence as tending to show actual fraud on the part of defendant.

Without reviewing the evidence at length it is sufficient to say that the sale was not inpregnable to assault by plaintiffs either on the ground of fraud in law or fraud in fact. It appears from the evidence that the defendant had sold and made way with the soda machine so that he could not have produced it had he been so required to do by the order of the court. We are unable to discover from so much of the record as is before us in one of the two consolidated cases in which the decree was rendered that the court committed error.

The decree as we understand it is for the right party and must be affirmed. All concur.