PUEBLO REAL ESTATE, LOAN & INVESTMENT COMPANY, a Corporation, Appellant, v. DELLA JOHNSON.—119 S. W. (2d) 274.

Division Two, August 17, 1938.

992

*Wilbur F. Hall, J. T. Pinnell* and *Ernest D. Martin* appellant.

*O. R. Puckett* for respondent.

BOHLING, C.—Della Johnson, the owner, on October 17, 1929, sold and conveyed to William H. Evans fifteen acres of land situate in McDonald County, Missouri. The consideration was $3,000; Mr. Evans paying $500 cash and giving his eighteen months' negotiable note, secured by "mortgage deed" on said real estate "in ordinary form, containing power of sale in mortgagee," to said Della Johnson for the $2500 unpaid balance. On May 8, 1930, Mr. Evans conveyed the real estate to Pueblo Real Estate, Loan and Investment Company, a corporation, appellant. Default occurring in the payment of said indebtedness, Della Johnson, on November 21, 1931, "sold said tract of land under and in accordance with the power of sale therein contained at which sale she, the said Della Johnson, became the purchaser thereof on her authorized bid of $2000. . . ." Actually, although deemed immaterial, one Noel bid in said land at said sale, received mortgagee's deed from Della Johnson and thereupon immediately quitclaimed the said land to said Della Johnson.

On October 1, 1934, appellant instituted this action to set aside the aforesaid foreclosure and the Johnson-Noel and Noel-Johnson deeds, to reinstate said Evans-Johnson mortgage and to revest the title in appellant subject to said mortgage; and for an accounting.

Mr. Evans and appellant erected improvements on the land— a gasoline service station and a foundation for a large building. There was testimony that in November, 1931, the property was worth $10,000; but other testimony was to the effect that the building would

carry insurance of $4000, that said improvements were subject to judgment liens for work and labor as of the date of trial, February 27, 1935, in excess of $4000, and that the land, without said improvements, was worth $2000. Respondent's bid was $2000 and said consideration was credited on mortgagor's note. This record did not convince the trial court, and it does not convince us, that the bidding of Noel for respondent had a detrimental effect upon the bidding at said mortgage sale or that said sale price was inadequate. [Consult Webb v. Salisbury, 327 Mo. 1131, 1141(7), 39 S. W. (2d) 1045, 1052(13); Masonic Home v. Windsor, 338 Mo. 877, 883 (5), 92 S. W. (2d) 713, 717(6).] The case is not like the cases of West v. Axtell, 322 Mo. 401, 415, 17 S. W. (2d) 328, 334(3, 4) or Guels v. Mississippi Valley Trs. Co., 329 Mo. 1154, 1162, 49 S. W. (2d) 60, 63(3-5) stressed by appellant.

A mortgagee with power to sell occupies a duel relationship. He is a trustee with respect to the power to sell but, at the same time, a *cestui* to the extent of his ownership of the secured debt. Unless authorized or consented to in fact or in law, it appears to be settled in Missouri that a purchase by a mortgagee at a foreclosure sale conducted by himself under a power of sale in the mortgage deed is subject to affirmance or avoidance by the mortgagor or those holding under him. [Thornton v. Irwin, 43 Mo. 153, 162; Allen v. Ranson, 44 Mo. 263, 267 (ejectment); Reddick v. Gressman, 49 Mo. 389, 392 (ejectment); Byrne v. Carson, 70 Mo. App. 126, 130 (chattel mortgage); 41 C. J., p. 978, sec. 1429, p. 980, sec. 1431; 2 Perry on Trusts (7 Ed.), p. 1043, sec. 602v; 3 Jones on Mortgages (8 Ed.), p. 943, sec. 2417; 2 Wiltsie on Mortgage Foreclosure (4 Ed.), p. 1114, sec. 868.] The rule does not require actual fraud or injury. It, even at a sacrifice, keeps the mortgagee's eyes single and clear to the rights of the mortgagor, closes the door to temptation and tends to preserve from human frailties a saintlike fidelity to the trust and confidence. The reasons are stated in the Thornton case. [See also Cummings v. Parker, 250 Mo. 427, 438, 157 S. W. 629, 632(1).]

Such a purchase is not a nullity. One who seeks equity must do equity, and a bill in equity to redeem is the usual remedy. In the Thornton case the plaintiff was permitted to redeem (l. c. 161); the court stating (l. c. 167): "The relief granted by the court in the various cases which fill the books varies according to circumstances. In naked powers to sell, a re-sale is usually ordered. In mortgages, the usual order has been to permit the mortgagor to redeem; and the relief given in the circuit court in the case before us was the correct one." And the Allen (l. c. 267) and Reddick (l. c. 392) cases contain observations to the same effect; the Allen case stating: "But such a sale is not void. It is good as to all the world, and for all purposes,

excepting only that the mortgagor still has the right to pay the debt and redeem the land. Purchases by some classes of trustees at their own sales are sometimes treated as void, but never in sales of this kind." BLISS, J., was the author of the Thornton and Allen cases and concurred in the Reddick case. Evans and appellant subsequent to the mortgage commenced the construction of improvements, which were not fully completed, and permitted lien claims to accrue. This, no doubt, was of some concern to the mortgagee. When the mortgagee purchased in November, 1931, mortgagor's debt was past due. It was not until October, 1934, that appellant attacked respondent's purchase. Redemption may not be an exclusive remedy. However, we are of opinion that redemption would have afforded that full measure of equitable relief, under the instant record, to which appellant in any event might have been entitled. Appellant makes no offer to redeem or restore to respondent any outlays protecting the rights of appellant or respondent in the property. [Consult in this connection McNatt v. Maxwell Inv. Co., 330 Mo. 675, 684(3), 50 S. W. (2d) 1040, 1044(6-8).]

█ Mortgages are the subject matter of private contract and contain many and varied provisions. A provision permititng or authorizing the mortgagee to bid and purchase at his own sale is valid and a mortgagee's purchase at a lawful sale thereunder forecloses, absent prohibitions contra, the mortgagor's equity of redemption. [41 C. J., p. 979, sec. 1430; 1 Perry on Trusts (7 Ed.), p. 340, sec. 199; 3 Jones on Mortgages (8 Ed.), p. 957, sec. 2425; 2 Wiltsie on Mortgage Foreclosure (4 Ed.), p. 1116, sec. 869.] It is apparent the ultimate determination of the issue revolves around the Evans-Johnson mortgage provisions. It nowhere appears of record. The record informs us the mortgage was "in ordinary form, containing power of sale in mortgagee" and the sale was "under and in accordance with the power." Some authorities [3 Jones on Mortgages (8 Ed.), p. 957, sec. 2425; 2 Perry on Trusts (7 Ed.), p. 1043, sec. 602v, n. 12] state mortgages containing a power of sale usually contain a provision permitting the mortgagee to bid and purchase at the mortgage sale. We think, under the instant record, we are not justified in interfering with the decree nisi. Appellant had the burden of proof in the trial court. Upon appeal, appellant assumed the burden of affirmatively disclosing error.

The judgment is affirmed. *Cooley* and *Westhues, CC.*, concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.