EMANUEL M. LOEB, Appellant, v. JOHN J. DOWLING, MILLARD F. SMITH, GENEVIEVE SMITH, His Wife, and WALTER E. DEMPSEY.—162 S. W. (2d) 875.

Division Two, June 17, 1942.

*Louis Yaffe* and *Sylvan Agatstein* for appellant.

*George F. Heege* for John J. Dowling and Walter E. Dempsey.

*William Kohn* for Millard F. and Genevieve Smith.

TIPTON, P. J.—This is an action filed in the circuit court of St. Louis County for damages for the wrongful foreclosure of real estate in St. Louis County, Missouri. After the appellant had started the examination of his first witness, an objection was made to the introduction of any evidence for the reason the petition failed to state facts sufficient to constitute a cause of action. This objection was sustained by the trial court and the appellant took an involuntary nonsuit with leave to set the same aside. The trial court refused to set aside the involuntary nonsuit, and the appellant has duly appealed.

The appellant's statement of facts is as follows:

"The petition alleges that respondent John J. Dowling was the president, stockholder, and general manager of the Savings Trust Company of St. Louis, a Missouri banking and trust company, which became defunct, and was under the administration of the Finance Commission of the State of Missouri prior to the beginning of this action. The petition further states that this corporation loaned to appellant in June, 1929, the sum of $9,500.00, secured by a deed of trust upon the real estate described therein, which consisted of a two-family-flat building of the reasonable market value at the times stated in the petition of the sum of $17,500.00. The principal debt was reduced to $9,000.00 one year after its date through the payment of $500.00 by appellant, but in June, 1932, the balance of the principal, together with interest in the sum of $270.00, became delinquent, and foreclosure of the property was advertised under a power of sale in the deed of trust. It is this transaction of which appellant complains.

"It further appears from the petition that the Savings Trust Company was designated in the deed of trust as trustee, and acted as such during all the times mentioned. It further appears that the notes secured by the deed of trust were held by various customers of the bank, who purchased them at the time the loan was made; that

shortly prior to maturity, the Savings Trust Company, through defendant John J. Dowling, notified the noteholders to present their notes to the Savings Trust Company, upon which presentation the Savings Trust Company purchased the notes and became the legal holder of all of them. At this time, and by this action, the aforesaid Savings Trust Company achieved the dual capacity of both trustee in the deed of trust and cestui que trust.

"Not knowing of such situation, efforts were made by the appellant to procure the renewal of the loan by the bank, but respondent Dowling refused to cause said renewal to be made, and proceeded to advertise foreclosure of the property under the power of sale in the deed of trust. The petition alleges further that respondent Dowling was personally in charge of this transaction, and that he concealed from appellant the fact that his company had become the holder and owner of the loan, and by reason thereof said respondent was guilty of fraud. It is then stated that pursuant to this notice, respondent Dempsey, an employee and agent of the Savings Trust Company, appeared at the designated place upon the 12th day of July, 1932, the date for which said sale had been advertised, and then merely read aloud the advertisement, did not call for bids, received none and announced none.

"Upon the 8th of August, 1932, twenty-seven days after the purported trustee's sale, there was recorded by respondent Dowling, acting for the Savings Trust Company, a trustee's deed of the said Savings Trust Company to one Kieth White, an alleged 'straw' party, for the purported consideration of fifty dollars. On the same day he likewise recorded a quitclaim deed to respondents Smith, alleged also to be 'straw' parties, from Kieth White, and a new deed of trust upon the property in question executed by the Smiths to secure twenty-one certain promissory notes payable to the legal holders thereof in the total principal sum of $10,500.00, in which deed of trust the Savings Trust Company was trustee. All of these conveyances are declared to have been made and recorded pursuant to the connivance, preconception and fraud of the respondents with the express purpose of defrauding appellant and depriving him of his property, to the respondents' benefit.

"It is further alleged that title to the property was conveyed into the hands of certain named innocent holders for value in July of 1933 by respondents Smith. Of the new $10,500.00 loan, it is charged that respondent Dowling personally received the sum of $195.77, and respondents Smith personally received the sum of $734.37.

"The petition further alleges that by reason of the hereinabove stated facts, appellant was deprived of his equity in said property of the reasonable value of $8,230.00, and, because of the willful nature of the respondents' acts, further prayer is made for $10,000.00 punitive damages."

Appellant's petition admits that the indebtedness secured by the deed of trust was past due, when the foreclosure was commenced. In fact, the appellant does not dispute that under the terms of the deed of trust a right to foreclose existed. The commencement of a foreclosure of a deed of trust cannot be wrongful when there is a clear right to foreclose. [Hayward Farms Company v. Union Savings Bank & Trust Company, 194 Minn. 473, 260 N. W. 868.] The facts stated in the petition do not show a wrongful foreclosure, but only an improper execution of a rightful foreclosure. "When the mortgagee has the right to foreclose, the foreclosure sale passes the legal title. An improper execution of the power of sale may be sufficient ground for a court of equity to set the sale aside. But, until it is set aside, it stands as a valid legal transfer of the title and the mortgagor ought to be barred from claiming damages at law because of the transaction as long as he permits it to stand as a legal conveyance of his title. For him to allow it to stand and bring an action at law, because of it, is in the nature of a collateral attack upon its validity. Such a sale may be voidable in equity but it is not void in law. If he desires to challenge its validity (when it is voidable but not void), he should attack it directly and he can only do that by a suit in equity." [Peterson v. Kansas City Life Ins. Co., 339 Mo. 700, 98 S. W. (2d) 770, l. c. 775.]

The appellant borrowed the money from the Savings Trust Company of St. Louis, and as security for this money, appellant executed notes secured by a deed of trust on the real estate. The trust company was made the trustee under this deed of trust. It was, also, the holder of the notes. Later, the trust company sold these notes to its customers. The appellant contends that it was fraudulent for the trust company to repurchase these notes. The trust company had a right to purchase these notes. "Where a party does only what he has a legal right to do, the doing thereof cannot be made the basis of fraud." [Nations v. Pulse, 175 Mo. 86, l. c. 94, 74 S. W. 1012, l. c. 1014.] "One cannot be guilty of fraud by doing what he has a legal right to do. A court does not inquire into one's motives for doing a lawful act." [27 C. J., l. c. 632-633; Plattsburg First National Bank v. Fry, 216 Mo. 24, 115 S. W. 439; State ex rel. Orr v. Buder, 308 Mo. 237, 271 S. W. 508.] There was no fraud committed when respondent John J. Dowling, president of the Savings Trust Company, repurchased these notes.

The petition further alleges that efforts were made by appellant to procure the renewal of the loan by the trust company, but that respondent Dowling refused to renew the loan. This the trust company had a legal right to do, and respondents could not be guilty of fraud by such refusal. A foreclosure during a depression is not a wrongful act. [Drannek Realty Company v. Nathan Frank, Inc., 346 Mo. 187, 139 S. W. (2d) 926.]

680

The fact that the trust company, as trustee, bought the realty at the foreclosure sale and caused the title to be in the name of a "straw man" did not make the sale void, but only voidable.

"Subject to certain exceptions and qualifications herein stated, it is a general rule that the mortgagee or trustee in a mortgage or deed of trust which contains a power of sale on default cannot become the purchaser at a sale which he himself makes under the power, either directly or through the agency of a third person; and the fact that the mortgagee pays a fair price and that the transaction is in all respects honest is immaterial. This rule does not, however, necessarily mean that a purchase by the mortgagee or trustee is absolutely void, but it is so far invalid as to render it subject to disaffirmance by the debtor." [41 C. J. 978, sec. 1429.] It "appears to be settled in Missouri that a purchase by a mortgagee at a foreclosure sale conducted by himself under a power of sale in the mortgage deed is subject to affirmance or avoidance by the mortgagor or those claiming under him [citing cases]. The rule does not require actual fraud or injury. It, even at a sacrifice, keeps the mortgagee's eyes single and clear to the rights of the mortgagor, closes the door to temptation and tends to preserve from human frailties a saint-like fidelity to the trust and confidence. . . .

"Such a purchase is not a nullity. One who seeks equity must do equity . . ." [Pueblo Real Estate, Loan & Investment Company v. Johnson, 342 Mo. 991, 119 S. W. (2d) 274, l. c. 276. See also Landrum v. The Union Bank of Missouri et al., 63 Mo. 48; Kitchen v. The St. Louis, Kansas City & Northern Railway Company, 69 Mo. 224; Northcutt v. Fine, 44 S. W. (2d) 125.]

The sale by the trustee was at most only voidable, not void, and could only be taken advantage of by the grantor in the deed of trust by an action to redeem or by an action to set aside the trustee's deed. Since no such action was taken by the appellant, title to real estate passed by the trustee's deed.

The appellant contends that the trustee's deed was not placed on record until twenty-seven days after the date of the foreclosure, and this was done for the fraudulent purpose of defrauding the appellant and depriving him of his property, to the respondent's benefit. Redemption by the statutory method, which appellant says he was deprived of, was not the only method available to him. The equitable remedy of redemption was available or an action to set aside the trustee's deed was available to the appellant. [Northcutt v. Fine, supra; McNatt v. Maxwell Investment Company, 330 Mo. 675, 50 S. W. (2d) 1040; Pueblo Real Estate, Loan, & Investment Company v. Johnson, supra.] The appellant says that the property was deeded to the innocent purchaser in July, 1933. During all this time, the appellant took no action to protect his equity of redemption.

The appellant contends that if the trustee fraudulently acquired the trust property and exercised dominion over it as its own, or if the property has, through the trustee's action, passed into hands of innocent purchaser, the former owner of the equity of redemption can hold the trustee accountable for damage. From the authorities cited by the appellant, we find this true only where the sale is void. We have already held that this trustee's sale was only voidable and not void. "But, when the foreclosure itself is wrongful because no right to sell exists, then such a sale is wholly void and the mortgagee can acquire no title under it. The mortgagor has the right to go into equity and have it set aside. It would be a cloud on his title, and it would also be a means by which he might lose his title to an innocent purchaser, because he could be estopped by laches to assert his rights. In that situation, however, the mortgagor can let the sale stand, and sue at law for damages, because he has the right to collaterally attack it. By suing to obtain judgment at law to be paid its value, he does not admit its validity but he would thereafter be estopped to attack it in equity. Such a suit for damages at law is an especially appropriate remedy where an innocent purchaser buys at foreclosure, because it gives relief against the guilty rather than the innocent party. That was the situation in Rogers v. Barnes, supra." [Peterson v. Kansas City Life Insurance Company, 339 Mo. 700, 98 S. W. (2d) 770, l. c. 775.].

From what we have said, it follows that appellant's petition fails to state a cause of action. The judgment of the trial court is, therefore, affirmed. All concur.